THOMPSON V. INGRAM.

USURY: *Reserving interest in advance: Bonus paid to agent of lender.*

Where money is placed with an agent, to be loaned, with the understanding that the owner shall receive the highest lawful rate of interest, and that the agent will look to the borrower for his commission, a loan of the money made by the agent is usurious, if he reserves in advance the highest lawful interest, and, in addition thereto, receives a bonus from the borrower. *Vahlberg v. Keaton, ante,* 534.

APPEAL from *Faulkner* Circuit Court.

J. W. MARTIN, Judge.

S. W. *Williams*, for appellant.

1. The facts proven do not warrant the finding that W. J. Thompson was the owner of the note, and Walton making the loan for him. The money was placed in Walton's hands as John F. Thompson's money, to buy notes, and his action in loaning at usury could not affect Mr. T.'s right, nor could it affect W. J. Thompson's rights if the money was his. The taking of a bonus by the agent or lender from the borrower does not make usury, unless the principal knew it.

12 Cent. Rep., 631; reported 109 N. Y., *Stillman v. Northop*. See, also, 81 Am. Dec., 736 and notes.

2. Thompson merely shaved the notes and was an innocent holder for value.

*J. H. Harrod*, for appellees.

The facts show that W. J. Thompson·was the *principal* in the loan and the *owner* of the note, and the loan was clearly usurious.

Even if Walton exceeded his authority as an agent, Thompson ratified his usurious acts by taking the note, collecting the interest and other payments.

Here the principal knew that the agent was to obtain a bonus from the borrower, and 12 Cent. Rep., reported *Stillman v. Northop*, 109 N. Y., is not applicable. Our Constitution and laws make such loans usurious and citations are unnecessary. The notes were void even in the hands of an *innocent* purchaser.

HEMINGWAY, J.

This is an action brought by appellant on a promissory note. Appellees interposed a plea of usury. The court found that the defendants executed the note sued on, payable to the order of Walton, as agent, for $300, with interest from date until paid at ten per cent. That the principal maker of the note received but $285; that W. J. Thompson, who advanced the money to Walton, only furnished him that amount; that W. J. Thompson was the owner of the note, and continued its owner until just before the suit was brought, a period of near three years, when Walton, as agent, by his direction, endorsed it to plaintiff. That the plaintiff knew nothing of the dealings between Walton and the defendants. That there was received for the loan more than lawful interest.

It is assigned for error, that the court erred in finding the facts; and, also, that the court erred in holding upon the facts that the commissions paid by Ingram to W. J. Thompson and Walton constituted usury. The finding complained of is that the loan was made by W. J. Thompson, when the contention is that it was made by plaintiff. Walton testifies that fifteen dollars of the $300 was paid W. J. Thompson as commissions for making the loan, which Thompson admits.

He, W. J. Thompson, testifies that plaintiff, who is his brother, lives in Missouri; that money there commands only six to eight per cent. interest; that he induced plaintiff to place money in his hands for loan, upon a promise that he would realize for him upon it ten per cent., and look to the borrowers for his commissions.

Such being the evidence for plaintiff, he could not be prejudiced by the findings of the court. If W. J. Thompson made the loan, the note is usurious and void, because, in addition to the highest lawful interest, he reserved fifteen dollars in advance. If plaintiff made the loan through W. J. Thompson, as his agent, the same result follows, because his agent received a bonus in addition to the highest lawful rate of interest in accordance with the understanding with which the money was placed for loan. No other judgment could have been rendered under the law and facts.

It is affirmed.

USURY: *Reserving interest in advance: Bonus paid agent of borrower.*