## SUMPTER v. HOT SPRINGS SAVINGS, TRUST & GUARANTY COMPANY.

### Opinion delivered October 30, 1916.

1. USURY—LOAN—BELIEF OF BORROWER.—The intention of the borrower, and his belief that he has contracted a usurious loan, will not alone render the loan usurious.

2. USURY—BONUS TO BORROWER'S AGENT.—A bonus given to the borrower's agent who procured the loan for him cannot render the loan usurious.

3. USURY—BONUS TO LENDER'S AGENT.—If the agent of the lender receive from the borrower a bonus in excess of the highest lawful interest, either with the lender's knowledge, or under circumstance from which the law will presume knowledge, the transaction is usurious; while if the agent received the excessive bonus without the lender's knowledge, and under circumstances from which his knowledge cannot reasonably be presumed, the transaction will not be usurious.

Appeal from Garland Chancery Court; *Jethro P. Henderson*, Chancellor; affirmed.

*Geo. P. Whittington* and *O. H. Sumpter,* for appellants.

The loan was usurious and void.

1. Tombler was the agent of the bank, an officer and member of the discount board.

2. A bonus or commission was paid him as agent of the bank.

3. Plaintiff had knowledge of the payment of the bonus to Tombler, or under the circumstances knowledge will be presumed.

4. The bonus paid Tombler when added to the interest to be paid constitutes a clear case of usury.

*C. T. Cotham* and *Chas. C. Sparks,* for appellee.

1. The burden to prove usury by clear and satisfactory evidence was on appellant. 83 Ark. 31; 105 *Id.* 653; 91 *Id.* 458; 68 *Id.* 162; 63 *Id.* 358.

2. Tombler was the agent of the bank in the transaction. 45 Am. Rep. 365; 39 *Id.* 761; 52 *Id.* 710; 3 R. C. L., § 107, p. 478; 5 Cyc. 461.

3.    No bonus or commission was paid to Tombler by appellant as agent of the appellee.  21 Ark. 69; 25 L. R. A. (N. S.) 275.

4.    Plaintiff had no knowledge of the payment of any bonus to Tombler, nor under the circumstances will any be presumed.  The loan was not usurious.  2 Parsons Cont. 391.  There is no testimony that the bank shared in or profited by the alleged bonus.

SMITH, J.  This suit was brought to foreclose a deed of trust executed by appellant to appellee (hereinafter referred to as the bank) to secure a note payable to its order in the sum of $14,000.00, and the suit was defended upon the ground that the note was usurious and void.  In support of this plea the following testimony was offered:  An application had been made to the bank for a loan of $13,000.00, and the application was rejected.  Later O. H. Sumpter, son of, and attorney for appellant, employed C. C. Sparks to secure the loan, and an application therefor was made to one M. C. Tombler, who had incurred certain liabilities by becoming surety for a Mrs. Shannahan, a daughter of appellant, and this daughter's husband, and had, in this manner, become involved in the litigation against the Shannahans.  Later Tombler sued Mrs. Shannahan and recovered a judgment against her in the sum of $2,832.16, and in this litigation Tombler had unsuccessfully attempted to assert a claim against the Shannahans for $800.00, which sum he alleged had been expended by him in defense of the litigation against himself and the Shannahans.

O. H. Sumpter applied also to Tombler for this loan after his attorney had talked to Tombler, and Tombler agreed to procure the desired loan but imposed as a condition that the Shannahans should not only pay this $800.00 so claimed by him, but should also pay $200.00 as attorney's fees and costs in the litigation in which he had attempted to assert that demand.  The property on which the loan was desired had belonged to Mrs. Sumpter's three children, but

they had conveyed their interests to her in order that she might procure the loan which was desired for the purpose of discharging certain outstanding liens against the building on which this loan was made. Tombler was a stockholder, director and a member of the discount board of the bank. It was testified to by both Sumpter and his attorney that the president of the bank refused to make the desired loan of $13,000.00, but that after conference and negotiation between themselves and Tombler and between Tombler and the bank the bank later made a loan of $14,000.00 upon the same property upon which a loan of $13,000.00 had been declined, and they testified that Tombler said he would not negotiate the loan unless his demand of a thousand dollars was paid, and Sumpter testified that this demand was unjust and was known so to be by Tombler, and that the thousand dollars which was paid for the nominal purpose of satisfying this demand was in fact paid as a bonus for procuring this loan, and it is insisted that in this transaction Tombler was acting for and as the agent of the bank, and that the bonus when so paid to Tombler rendered the loan usurious and void.

Under the by-laws of the bank no loan exceeding $200.00 could be made without the approval of the discount board, and this loan was submitted to and approved by the said board. Sumpter testified that he told the president of the bank that Tombler was being paid a thousand dollars to negotiate this loan; but this was denied by the president of the bank. The proof is that both Sumpter and the bank's president were hard of hearing.

Tombler testified that his claim was a just one, although he had not succeeded in establishing it in court, and that his efforts in assisting in procuring the loan were prompted solely by a desire to collect what he regarded as a just demand, and that he was acting for himself and not for the bank. The bank's president testified that he knew Tombler was interested in trying to collect some demand from the Shannahans and

Sumpters, but that he did not know the nature of the demand except that it had been in dispute between the parties, and that the bank did not receive any part of this thousand dollars. It was also shown that before the bank would agree to make the loan it required Tombler to endorse this note and, in addition, required him to obligate himself to carry a minimum deposit with the bank of $7,000.00 during the time the loan was carried by the bank, and that Tombler had complied with both these conditions.

The court found that the loan was not usurious and decreed a foreclosure of the deed of trust, and this appeal has been duly prosecuted from that decree.

(1) Notwithstanding the fact that Sumpter considered that he was paying a bonus of a thousand dollars for the negotiation of this loan and was not satisfying the disputed claim, we think this would not render the loan usurious. His intention to contract for a usurious loan and his opinion that he had done so would not make the loan usurious unless Tombler was acting for the bank in its negotiation. 3 R. C. L., page 479, Section 107.

In the recent case of *VanDeventer* v. *Smith*, 123 Ark. 612, 186 S. W. 59, we had occasion to review the decisions of this court upon this subject, and it was there said:

(2-3). "The parties cite and rely upon the cases of *Thompson* v. *Ingram*, 51 Ark. 546, 11 S. W. 881, and *Vahlberg* v. *Keaton*, 51 Ark. 534, 11 S. W. 878, 4 L. R. A. 462,14 Am. St. Rep. 73. In these cases it is said that, if the person making the loan acted as the agent of the borrower alone, whether he received or did not receive a bonus is immaterial on the plea of usury; that what the borrower pays to his own agent for procuring a loan is no part of the sum paid for the loan or forbearance of money. Where the person who negotiates the loan acts for the lender, the rule is announced in the cases cited as follows: 'The lender may receive for the forbearance of money 10 per cent. per annum, and no more. In excess of that his agent

can receive no bonus from the borrower. If the agent do receive from the borrower a bonus in excess of the highest lawful interest, either with his knowledge, or under circumstances from which the law will presume he had knowledge, then the transaction is usurious; while, if the agent received the excessive bonus without his knowledge, and under circumstances from which his knowledge could not be reasonably presumed, the transaction would not be usurious. What circumstances will raise the presumption of knowledge must be determined in each case, in accordance with the principle by which knowledge is imputed to persons in controversies generally.'"

We think the proof shows that Tombler acted for himself and for appellant, and not for the bank. This is shown by the conditions imposed by the bank before making the loan that Tombler become jointly liable for this loan and that he carry as a deposit a sum equal to one-half of the loan. Under this proof the chancellor's finding cannot be said to be against the preponderance of the evidence, and his decree is accordingly affirmed.