### MERRITT *v.* HINTON.

Decided October 17, 1891.

1. *Election contest—Evidence.*
   In an election contest the poll-books and certificates of election officers when returned to the clerk, are *prima facie* evidence of the election.

2. *Evidence—Irregular poll-books.*
   The admission in evidence of poll-books of a township, not certified by the election officers and otherwise irregular, is not ground for reversal where there is no proof in the record for whom the votes of that township were cast.

3. *Evidence—Lost poll-books.*
   Where the poll-books and certificates from a township are lost, persons present when the poll-books were signed and certified may testify what was the result of the election in the township.

4. *Ouster—Salary.*
   Upon judgment of ouster against the incumbent of an office, it is error to render judgment against him for the salary where there is no evidence that he received it.

APPEAL from *Arkansas* Circuit Court.

JOHN M. ELLIOTT, Judge.

*Gibson & Holt* and *Thomas B. Martin,* for appellant.

1. Before a claimant can recover an office by suit he must show—

First—That he is eligible to the office. 2 Pars., 537; Const., art. 7, sec. 29; Mansf. Dig., sec. 1790, 1793; Am. Law of Elections, sec. 258; 28 Wis., 96; 19 Cal., 180.

Second—That he received a majority or plurality of the legal votes cast. The complaint does not set forth the number of votes claimed to have been received, nor that any of the votes were *legally* cast. Paine on Elec., sec. 997, 825; Bright, Elec. Cases, 320; 2 Pars., 548.

2. The evidence does not establish the fact that contestant actually received 844 votes in the other precincts, or that they were legal votes, nor does he prove by competent testimony that he received 368 in Old River township. No returns were introduced, nor was the certified abstract introduced. Mansf. Dig., sec. 2696; Paine, Elec., sec., 753; Am. & E. Enc. Law, vol. 6, p. 337; Paine, Elec., sec. 614; McCrary, Elec., secs. 174, 486. The integrity of the ballot in Prairie township was overturned by proof of exposure to being tampered with. Paine, Elec., sec. 445; 50 Ark., 94; A. & E. Enc. Law, vol. 6, p. 342; 4 Cong. Elec. Cases, 602.

3. The vote of Old River was not legally proven, and there was not a free and equal election in Prairie, Mud Lake or Old River. Mansf. Dig., sec. 2583; 6 A. & E. Enc. Law, p. 363; Paine, Elec., sec. 596; 41 Ark., 143; 13 S. W., 727.

4. The judgment for salary is erroneous, there being no evidence that appellant had received any salary, and is erroneous on its face. Mansf. Dig., sec. 2721; Freem. on Judg., sec. 2.

*Bell & Bridges* and *E. S. Johnson,* for appellee.

1. The petition states that contestant was *legally* elected. The answer does not deny the allegation. 35 Eng. C. L. Rep., 450.

2. The returns are *prima facie* evidence that the votes cast are legal. Mansf. Dig., secs. 2665, 2670. The burden of proof is upon the person who assails their correctness. 21 N. Y., 539; 41 Ark., 111; 52 Ark., 553.

3. The abstracts made by the clerk are not records; they are only *prima facie* evidence of the sum total of the returns. The canvassing board are not judicial officers, but merely ministerial officers to report what the returns show. 26 Ark., 100; 41 *id.,* 111; 15 Ill., 492; 59 Ind., 152; 72 Mo., 366.

4. The finding of the court that contestant *was legally elected* will not be disturbed by this court.  13 S. W. Rep., 723; 41 Ark., 111.

HUGHES, J. The appellee commenced this proceeding in the circuit court of Arkansas county to contest the election of the appellant to the office of county judge of said county, at the general election held on the 3d day of September, 1888. The transcript in the case was filed in the office of the clerk of this court on the 10th day of December, 1889. On the 22d day of March, 1890, the appellee filed a motion to advance the cause, which was granted by this court. The brief of appellant was filed November 12, 1890, and the brief of appellee December 12, 1890. When the briefs were filed the term of office for which the contest was begun had expired, and, the public interest in the contest having ceased (on account of which it was advanced), the cause took its place upon the docket.

Upon the trial of the cause in the circuit court, judgment was given for the appellee for the recovery of the office, and for the salary of the same, but no amount of damages was mentioned in the judgment. The appellant filed a motion for a new trial, which was overruled, and he excepted and appealed. Among the causes assigned in the motion for a new trial are the following: Error of the court in declaring the law as asked by appellant; error in the court's finding of facts; because the judgment is contrary to the law as declared by the court at the instance of appellee; error of the court in admitting B. N. Word's deposition; error of the court in admitting testimony as to the vote in Old River township, the same not having been shown to be legal.

The evidence in the case was all by depositions, and shows that there were fourteen election precincts in Arkansas county, and that there were returns, or pretended returns, from all of them except Old River township, and that the duplicate poll-book from this township was lost by

one of the election clerks, and the ballot-box was taken by masked men from one of the election judges on his way to the county seat. The theory of the contestant is. that, according to a canvass of the alleged returns from thirteen precincts, he received 844 votes, and contestee 971, and that at Old River he received 363 votes, and contestee only 52 votes, and that by reason thereof contestants' total vote was 1207 and contestee's total vote was 1023, making a majority of 184 for contestant. As we understand the contention, it is not denied by appellant that there were returns of the election in thirteen townships in the county made to the clerk, showing that appellee received in those townships 844 votes, but he contends that it is not shown that these were legal votes and entitled to be counted.

A canvassing board has no judicial discretion; and if it possesses sufficient mathematical ability to cast up the votes correctly, it is qualified for its duties. If the poll-books come to them certified substantially as required by the statute, they have no power to reject them on account of informality or irregularity. The poll-books and certificates of the election officers of the townships returned to the clerks may be used as *prima facie* evidence of an election. *Patton* v. *Coates*, 41 Ark., 130.

<span style="float:right">1. **Evidence in election contests.**</span>

But it is contended that the poll-books from Prairie township were not certified by the election officers, and were irregular, and ought not to have been received or considered in making up the abstract of the vote. Though this may be correct, it is not shown that appellant was damaged by the return and consideration of the poll-books from that township, for there is no proof in the record for whom the votes of that township were cast. Then how can it be told from whose vote they should be taken. The burden was on the appellant to show that the exclusion of the votes of Prairie township would have changed the result, assuming that the vote from that township ought to have been thrown out because the poll-books were not certified by the election officers. There can be no presumption indulged, outside of

<span style="float:right">2. **Irregular poll-books as evidence.**</span>

the proof, that any number of votes was cast for either party, and we are not authorized to guess how the votes of that township were cast.

3. Evidence where poll-books are lost.

How is it as to Old River township? The poll-books and returns from that township were lost or destroyed, and no return was made from that township. Therefore proof *aliunde* was necessary and proper to show the result of the election there. This proof was made by the testimony of T. J. Stokes, L. C. Smith, the sheriff of the county, and O. M. Spellman. Stokes testified, in substance, that he "took a list of the votes from the poll-books while the judges were sealing up the returns with the ballots, and that the judges and clerks had signed the returns, and that they did sign them; that he was in the room when they signed them; that the judges who signed the returns were Krider, Cannon and Clements, and the clerks were Clements and Wilder; that Hinton (the appellee) received at that precinct 365 votes for county judge, and Jas. H. Merritt (the appellant) received at that precinct 52 votes." Smith, the sheriff, testified substantially that the "wheel ticket" received about 325 to 330 votes, and the democratic ticket about 50 or 60 votes there. Hinton was the candidate on the "wheel ticket." Spellman testified, in substance, that he was present at the count of the ballots at that precinct, at the suggestion of Smith, the sheriff. He gives the vote cast there for Hinton at 357, and for Merritt at 52, for county judge. He states, " The returns were all signed by the judges and clerks, who were all democrats." The testimony in the case is sufficient to support the contention that the appellee received the greater number of votes at the election, and to sustain the judgment of ouster as rendered by the court. All the rules prescribed by law for the conduct of elections are so many means provided for the ready ascertainment of the popular will as expressed at the ballot-box, which alone is the basis of the right of every officer to hold an office under the law, which makes all officers elective by plurality of the qualified electors of the county, district or State, as the case may be.

Under the view we have taken of the case, the declarations of law by the court below are immaterial; nor is it material that the judgment of the court, if it be so, is contrary to the law as declared by the court, if the judgment is right and according to the evidence.

While the judgment of ouster is right, and must be affirmed, the judgment of the salary is erroneous, as there is no proof in the record that the appellant, who was the incumbent of the office, received any part of the salary. The judgment is that " Thomas A. Hinton do have and recover said office of county judge of Arkansas county, State of Arkansas, and the contestee, James H. Merritt, be ousted from said office and required to surrender the same." The judgment provides: " It is therefore considered that said contestant do have and recover of said contestee the salary of said office of county judge and all costs in this suit expended." Now, while the salary of the county judge is fixed by law, there is no evidence in the case that the appellant ever received any of it. Section 2721 of Mansfield's Digest provides: "If the contestant shall succeed in his action, he shall not only have a judgment of ouster, but for damages, not exceeding the salary and fees of the office during the time he was excluded therefrom, with costs of suit." There was no proof of the amount of damages sustained by the appellee, and consequently no valid judgment could have been rendered for damages.

The judgment of the recovery of the office and ouster of the appellant is affirmed, but the judgment for the salary of the office is reversed, and the cause is remanded for a new trial as to the salary.

*4. Judgment for salary erroneous when.*