## BERCHER *v.* GUNTER.

### Opinion delivered May 16, 1910.

1. CONTRACTS—MUTUALITY.—To constitute a contract upon which to base a liability, both parties must agree thereto. (Page 156.)

2. EVIDENCE—OPINIONS.—As a general rule, a witness should state facts only, and not the conclusions deduced by him from such facts. (Page 157.)

3. APPEAL AND ERROR—HARMLESS EVIDENCE.—The introduction of incompetent evidence to prove an undisputed fact was not prejudicial. (Page 158.)

4. SAME—HARMLESS ERROR.—The admission or exclusion of immaterial testimony does not constitute prejudicial error. (Page 158.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Appellant, pro se.*

There was a complete novation of contract between appellant and appellee. 28 Ark. 196; 21 Am. and Eng. Enc. Law, 660. The refusal of either party to abide by his part of the contract will justify the other party in treating it as at an end. 22 Ark. 260; 53 Ark. 488. A party to a contract is not justified in putting it beyond his power to perform it. 67 Ark. 156. Plaintiff is entitled to recover the whole amount of the contract price, diminished by the amount necessary to finish it. 33 Ark. 751; 79 Ia. 40; 77 Ind. 203; 38 Mo. App. 177; 6 Wis. 363; 80 Tex. 23; 46 Kan. 54; 34 Neb. 63; 36 Me. 92; 95 Ala. 348; 10 So. 422. Where the evidence is insufficient to sustain the verdict, the case will be reversed. 79 Ark. 608. "Legal sufficiency" of the testimony means more evidence than is necessary to raise a suspicion. 132 N. C. 904; 44 S. E. 666. By sufficient evidence is meant that amount of proof which ordinarily satisfies an unprejudiced mind beyond a reasonable doubt. 36 S. W. 909; 81 Tex. 42; 16 S. W. 638; 106 Mo. 55; 16 S. W. 886; 94 Me. 127; 46 Atl. 812; 53 Fed. 196.

*T. S. Osborne,* for appellee.

Where there is a conflict in the evidence, the jury are the judges. 19 Ark. 684; 57 Ark. 577; 73 Ark. 377; 75 Ark. 111; 76 Ark. 326. And if the verdict is sustained by any evidence, it will not be disturbed. 25 Ark. 474; 31 Ark. 163; 40 Ark. 168; 126 S. W. 392. A case will not be reversed for harmless error. 44 Ark. 556; 71 Ark. 31.

FRAUENTHAL, J. The appellant instituted this action to recover the sum of $51 upon an account for work done and material furnished in building a foundation on a lot owned by appellee. The suit was brought in the court of a justice of the peace from whose judgment an appeal was taken to the circuit court. The case was there tried by a jury, who returned a verdict in favor of appellee. It appears from the evidence that appellee made a written contract with certain contractors to build a house for him on this lot according to certain plans and specifications and for an entire price. The contractors employed or entered into a contract with appellant to build the foundation. While the foundation was being built, a controversy arose between appellee and the principal contractors relative to the material that was being used therein. The principal contractors then refused to proceed further with the work and abandoned their contract to build the house. The testimony on the part of the appellant tended to prove that thereupon the appellee told him to proceed with the construction of the foundation, which he did. On the other hand, the testimony on the part of the appellee tended to prove that he directed that the material be removed from the lot, and that no further work be done on the foundation, and that he made no contract, either expressly or impliedly, with appellant for the construction of any portion of the foundation. The testimony tended further to prove that the appellee did not accept and did not use any part of the foundation, but on the contrary that a portion of the foundation was torn out and the material removed by appellant. The court gave instructions that were rather favorable to appellant, and he makes no complaint as to any of them; nor did he request any declaration of law which the court refused.

In effect, the court instructed the jury that if appellee told the appellant to proceed with the construction of the foundation after the principal contractors had abandoned the contract, or if thereafter the appellant proceeded with the work with the full knowledge of appellee, and the appellee did not object thereto, then in either event the appellant was entitled to a recovery. One cannot be forced to pay for something he did not contract for, either expressly or impliedly. To constitute a contract upon which to base a liability, both parties must agree thereto. One cannot be held liable for services rendered with-

out his request or knowledge or against his express direction. *Blake* v. *Scott,* 92 Ark. 46; 9 Cyc. 252.

The question involved in this case was therefore one of fact; and that question was one within the peculiar province of the jury to decide. The jury decided the question of fact in favor of appellee. There is some substantial evidence to sustain the verdict, and therefore, under the repeated rulings of this court, it should not be disturbed.

Counsel for appellant urge that the lower court erred in refusing to permit the appellant and the witness, Langford, one of the principal contractors, to testify whether they understood from what took place between the parties that the appellee assumed the same contractual relation with appellant that had been borne by the principal contractors with him, and that appellant had released the principal contractors. When these questions were asked, the court told the witnesses not to give their conclusions, but to state the facts as to what occurred. In this ruling we think the court was correct. It has been repeatedly held by this court that as a general rule the witness must state only facts, and must not state the conclusions at which he has arrived from some state of facts. *Dickerson* v. *Johnson,* 24 Ark. 251; *Walker* v. *Fuller,* 29 Ark. 448; *Blevins* v. *Case,* 66 Ark. 416; *Little Rock T. & Elec. Co.* v. *Nelson,* 66 Ark. 494; *Benson* v. *Files,* 70 Ark. 423.

It is also urged that the lower court erred in permitting the witness, McAfee, to testify to a conversation had by him with appellee in the absence of appellant. The conversation related to an inquiry made by appellee of the witness as to whether he would buy some of the stone used by appellant in the construction of the foundation. The witness testified that the appellee made such an inquiry of him, and he told him he did not wish to purchase the stone. We do not think that there was any prejudicial error in permitting the witness to give this testimony. The testimony related to an undisputed fact, and was not material to the issue involved in the case. The appellant testified that when the principal contractors abandoned their contract the appellee told him that he would help him dispose of the stone, to which appellant assented. So that the reason for the attempt to dispose of the material was in effect undisputed. If the testimony was incompetent, it was a harmless

error to permit its introduction, because it related to an undisputed matter. *Triplett* v. *Rugby Distilling Co.*, 66 Ark. 219; *Standard Life & Accident Ins. Co.* v. *Schmaltz*, 66 Ark. 588; *Pace* v. *Crandell*, 74 Ark. 417; *Waters-Pierce Oil Co.* v. *Burrows*, 77 Ark. 74.

Furthermore, the testimony did not tend to corroborate the appellee on any material issue in the case, and was itself immaterial. The admission or exclusion of immaterial testimony will not constitute a prejudicial error. *Kelly* v. *Matthews*, 5 Ark. 223; *Merritt* v. *Hinton*, 55 Ark. 12; *Railway Company* v. *Fair Assoc.*, 55 Ark. 163.

The true issue upon which was based the right of the appellant to recover against the appellee was submitted to the jury upon competent testimony and proper instructions. The jury found upon that issue against the appellant.

The judgment must be affirmed.