## TALLMAN *v*. STATE.

### Opinion delivered May 15, 1922.

1.  CRIMINAL LAW—CHANGE OF VENUE.—Where, on a petition for a change of venue, two witnesses swore that they were acquainted with inhabitants in all parts of the district and had heard a great many of them talk about the case, but, on cross-examination, they stated that they paid no attention to the townships from which such inhabitants came, and did not remember where they resided, there was no abuse of discretion in denying the motion.

2.  CRIMINAL LAW—REASONS FOR DENYING CHANGE OF VENUE.—On hearing a motion for change of venue, notwithstanding the court improperly asked the supporting witnesses if they believed that it would be impossible to find 12 men in the district who would not deliberately perjure themselves in order to sit on a jury, the reasons of the trial judge, being no part of the judgment, are not open to attack, the only question being whether the court erred in denying the motion.

3.  CRIMINAL LAW—DENIAL OF CHANGE OF VENUE.—Where the record showed that the judgment denying defendant's motion for a change of venue was based on legal testimony, it is not subject to reversal.

4.  ANIMALS—CONVICTION FOR MALICIOUS MISCHIEF.—In a prosecution for malicious mischief, charged to have been committed by killing a dog belonging to another, evidence held to warrant a conviction.

5.  CRIMINAL LAW—MULTIPLICATION OF INSTRUCTIONS.—In a prosecution for malicious mischief, it was not error to refuse an instruction merely multiplying the instructions given.

6. ANIMALS—INSTRUCTION AS TO TREBLE DAMAGES.—In a prosecution
   for maliciously killing a dog, where the jury were instructed, if
   they found defendant guilty, to find the value of the dog, refusal
   to instruct that treble damages would be assessed under the stat-
   ute was not error, the jury having nothing to do with the penalty.

Appeal from Arkansas Circuit Court, Northern Dis-
trict, *George W. Clark,* Judge; affirmed.

*Geo. C. Lewis,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and
*Wm. T. Hammock,* Assistants, for appellee.

HART, J.  Elliott Tallman prosecutes this appeal to
reverse a judgment of conviction against him of malicious
mischief charged to have been committed by killing a
dog belonging to Roger Crowe.

This is the second appeal of this case, and the opin-
ion on the former appeal is reported in 151 Ark. 438,
under the style of *Tallman* v. *State.*

Upon the remand of the case for a new trial, Tall-
man filed a petition for a change of venue, supported by
the affidavits of two witnesses in the manner prescribed
by the statute.  Both of the witnesses testified that they
were well acquainted with the inhabitants in all parts of
the northern district of Arkansas County, and had heard
a great many of them talk about the case.  Each of the
affiants testified that the minds of the inhabitants of
said district and county were so prejudiced against Tall-
man that he could not obtain a fair and impartial trial
therein.

On cross-examination each of the affiants stated that,
while he had talked with a good many of the inhabitants
of said district and county, he did not pay any attention
to the township or townships that such inhabitants came
from, and did not remember where they resided.  It may
have been that the persons with whom the affiants talked
lived in one part of the district and that the affiants did
not know whether or not the minds of the inhabitants
of the remaining part of the district were so prejudiced
against Tallman that he could not get a fair and impar-
tial trial therein.

The court found this issue against the defendant, and made an order denying his motion for a change of venue. There was no error in this respect. The trial court has a large discretion in a matter of this kind, and its judgment refusing a change of venue will not be disturbed unless there is an abuse of the court's discretion. The court might have found from the examination of the supporting witnesses that they did not have sufficient knowledge of the state of mind of the inhabitants throughout the whole northern district of Arkansas County to know whether the defendant could obtain a fair and impartial trial therein and were not credible persons within the meaning of the statute. *Dewein* v. *State,* 120 Ark. 302, and *Jordan* v. *State,* 141 Ark. 504.

But it is insisted that the judgment of the court denying the defendant a change of venue is reversible error because he asked the supporting witnesses if they believed that it would be impossible to find twelve men in the northern district of Arkansas County who would not deliberately perjure themselves in order to sit on a jury to try this defendant.

The court should not have asked this question. This was not the test. The question was whether or not the minds of the inhabitants of the northern district of Arkansas County were so prejudiced against the defendant that he could not obtain a fair and impartial trial therein before a jury selected in the usual way.

It does not follow, however, that the action of the court constitutes reversible error. It is well established in this court that error cannot be assigned upon mere reasons given by the trial judge for the judgment rendered. The judgment may be right and the reasoning wrong. The reasons of the trial judge are no part of the judgment, and consequently are not open to attack by assigning them as error. The only reversible action of the court in deciding the motion for a change of venue is the judgment which the court rendered.

The record of the proceedings in the trial court showed that the judgment denying the defendant's motion for a change of venue was based upon legal testimony, and it is therefore not subject to reversal. *Merritt v. Hinton,* 55 Ark. 12; *Wilmans v. Bordwell,* 73 Ark. 418, and *Polk v. Stephens,* 126 Ark. 159.

It is also insisted that the evidence is not sufficient to warrant a conviction. We cannot agree with counsel in this contention. On the former appeal it was held that, under our statute, in order to constitute malicious mischief by killing a dog, it need not be shown that the act was done with malice against its owner, but that it was sufficient to constitute the offense to show malice against the animal itself. The court said that the gist of the offense in this State is the killing of the animal wilfully, maliciously or wantonly.

The testimony on the part of the State shows that the defendant was afflicted with insomnia and got up before daylight to take a walk near his home in the city of Stuttgart. Crowe was his neighbor and owned several dogs. The dogs came out and barked at the defendant. The defendant went back into his house and came back with his shotgun. The dogs barked at him again, and he shot and killed one of them. This evidence warranted the jury in finding a verdict of guilty.

It is true that the defendant himself testified that the dogs came toward him in a threatening manner, and that he believed that they were going to bite him. He went back and got his shotgun so that he might be prepared to defend himself in case they renewed their attack, and shot into the bunch and killed one of them, when they again attacked him.

The testimony of the defendant, however, did not as a matter of law overcome the evidence for the State. The jury might not have accepted his testimony as altogether true. The dog killed was a bird-dog belonging to his neighbor, and the jury might have found that the defendant in his nervous condition was irritated at the dogs

barking at him, and that he went back and got his shotgun for the purpose of shooting them if they barked at him again. Hence the jury might have inferred malice towards the dog from the circumstances of the killing.

The next assignment of error is that the court refused to give the defendant's instruction No. 3, which is as follows:

"You are instructed that, while a negligent or careless killing of the dog would be unlawful, no inference or presumption in law can be indulged that such careless or negligent killing was either wilful, malicious or wanton, even though the killing was done with a deadly weapon, but that the State must prove, beyond a reasonable doubt, that appellant killed the dog either wilfully, maliciously or wantonly."

There was no error in refusing to give this instruction. The court read to the jury the statute on malicious mischief. He then told the jury that before it could convict the defendant the State must prove beyond a reasonable doubt that the killing was malicious, that is, that it was done needlessly, wantonly and in a spirit of malice, which denotes an act done cruelly, wickedly, or one prompted by a wicked and corrupt motive and indicates a mind fatally bent on mischief. It is well settled in this State that a court need not multiply instructions on the same point, and the matters embraced in the refused instruction were covered by the instruction given as indicated above.

Error is also assigned upon the refusal of the court to give other instructions asked by the defendant. We do not deem it necessary to set out these instructions. We have carefully examined them and find them completely covered by the instructions given by the court. The instructions given by the court were full and complete, and were in accordance with the construction of the statute by this court in the opinion on the former appeal.

The court, in express terms, told the jury that the defendant is presumed to be innocent, and that, before it could find him guilty, the State must prove beyond a reasonable doubt that the defendant shot the dog wilfully, maliciously and wantonly. In addition the court told the jury that these words meant that the act was committed not merely voluntarily, but with a bad purpose and an evil intent, recklessly and unnecessarily.

The court further instructed the jury that the defendant had a right to pass over his own premises and the streets and sidewalks adjacent thereto at all times, freely and without molestation, and that if the defendant had reasonable grounds to apprehend an attack from the dog he had a right to protect himself and kill the dog if necessary to prevent the attack. Thus it will be seen that the instructions were as fair to the defendant as he could ask, and the court was not required to repeat the substance of instructions given in varying forms.

Finally, it is insisted that the court erred in refusing to read the entire section of the statute with regard to the malicious killing of a domestic animal.

Sec. 2511 of Crawford & Moses' Digest, after defining malicious mischief and the punishment therefor in a criminal prosecution, provides that the accused so convicted shall be liable in damages for the animal so killed or wounded as in the preceding section.

Sec. 2509 provides that the jury trying the case shall assess the amount of damages, if any actual damage has occurred, and that the court shall render judgment in favor of the party injured for threefold of the amount so assessed by the jury.

The court instructed the jury that if it should find the defendant guilty it must also find the value of the dog he was charged with killing. The error complained of is that the court refused to tell the jury that treble damages would be assessed under the statute.

There was no error in this respect. This is a statutory offense, and it provides a statutory remedy, and that

when a defendant is found guilty the court shall render judgment for treble damages. Under the provisions of the statute the jury has nothing to do with the penalty. Its duty is confined by the statute to the finding of the damages actually suffered by the owner of the animal, and it is made the duty of the court to render judgment in favor of the party injured for threefold the amount so assessed by the jury.

We find no prejudicial error in the record, and the judgment must be affirmed.