BAXTER *v.* JACKSON.

4-4611

Opinion delivered April 19, 1937.

*John W. Baxter,* for appellant.

*Sullins & Perkins,* for appellees.

McHANEY, J. This is a suit by appellant's intestate to foreclose a mortgage on real estate, given by appellees on September 24, 1929, to secure a note of the same date for $1,550, due one year after date, with interest at 10 per cent. from date until paid, and payable quarterly. The defense interposed was usury, in that the lender actually advanced on the loan only $1,430, and charged the difference, $120, for making the loan. The trial court sustained the defense, canceled the note and mortgage, and the case is here on appeal.

At the outset, it may be stated as settled law in this state, that, to constitute usury, it is not necessary that a mutual agreement to give and to receive unlawful interest be shown, but there must have been an intention on the part of the lender to take or receive more than the legal rate of interest. *Bauer* v. *Wade,* 170 Ark. 1020, 282 S. W. 359; *Simpson* v. *Smith Savings Society,* 178 Ark. 921, 12 S. W. (2d) 890. And so it has been held that the charge of an excessive amount of interest through mistake of fact on the part of the lender does not render the contract usurious. *Temple* v. *Hamilton,* 178 Ark. 355, 11 S. W. (2d) 465.

The contract in the instant case is not usurious on its face. So, the question is one of fact, as to whether said intestate advanced to appellees the full amount of the loan, or whether he held out $120 as a bonus for making the loan. The lender, Mr. Snook, was alive at the time of the trial in the lower court. He was evidently quite old, but he testified very positively that he advanced the full amount of the loan to appellee, and that he did so in two payments—one for $1,430 in the form of a check drawn on the First National Bank of Fayette-

ville, which was all the money he had in said bank at that time, and which was delivered to appellee, R. F. Jackson, at the time he received the note and mortgage; and one for $120 paid to him in cash about a week later. Appellee Jackson testified that at the time of the delivery of the note and mortgage he received the check for $1,-430 and Snook told him that was all the money he had in the bank, and to take it or leave it. A bookkeeper in the bank testified that the check for $1,430 closed Snook's account. In this state of the record, did the court err in holding the contract usurious? We think it did. There is no evidence that a bonus was ever mentioned between the parties, no discussion about charging $120 for making the loan. Both parties are equally interested in the result of the lawsuit, and, therefore, neither can be said to be undisputed. If the rule were that a mere preponderance of the evidence is sufficient to establish usury, we would be more reluctant to disturb the trial court's finding, but such is not the rule.

In *Simpson v. Smith Savings Society, supra,* it is said: "Usury will not be inferred where, from the circumstances, the opposite conclusion can be reasonably and fairly reached, and the defense should be established by clear and satisfactory evidence." Citing cases. In *Leonhard v. Flood,* 68 Ark. 162, 56 S. W. 781, quoted with approval in *Smith v. Mack,* 105 Ark. 653, 151 S. W. 431, it is said: "Our law visits on a lender, who contracts for usurious interest, however small, a forfeiture of his entire loan and the interest thereon. It follows from the plainest principles of justice that such a defense shall be clearly shown before the forfeiture is declared. Usury will not be inferred from circumstances when the opposite conclusion can be reasonably and fairly reached."

It is, therefore, well settled that the burden of proof rests on the party pleading usury, and it must be shown by the "clear and convincing" rule, and not by the mere "preponderance" rule. Viewing the evidence in this case accordingly, we are constrained to say that appellee has failed to meet the burden imposed by the rule. Appellee

stands uncorroborated, while said intestate is corroborated to some extent by the bookkeeper in the bank.

The decree will be reversed, and the cause remanded with directions to enter a decree of foreclosure in accordance with the prayer of the complaint.