PEOPLES LOAN AND INVESTMENT COMPANY v.
B. B. BOOTH, LYDIA BOOTH, ET AL

4526                                           431 S.W. 2d 472

Opinion Delivered September 16, 1968

*Ball & Gallman* and *Franklin Wilder* for appellant.

*Walter R. Niblock* and *Richard Hipp* for appellees (Booths).

*Glen Wing* and *Charles W. Atkinson* for appellees (Haggards).

PAUL WARD, Justice.    This appeal raises the issue of usury in two separate notes.    To aid in an understanding as to how the issues arose we set out below a brief statement of the facts.

On August 21, 1963 the Peoples Loan and Investment Company (appellant here) loaned B. B. Booth and his wife (two of the appellees here) the sum of $5,500 (to pay certain debts) and also the sum of $40,000 for the construction of chicken houses on land belonging to them.    These two advancements are represented in one note (hereafter referred to as Note #1) a copy of which is found at page 337 of the record—marked "Plaintiff's Ex. #1".    The two notes are referred to hereafter as Note #1 and Note #2.

Note #1. The face of the note shows a principal sum of $80,421.55, ''payable in thirty-nine quarterly installments of $2,010.53 each, and one final installment of $2,010.88 . . .'' The note was secured by a mortgage on real estate—a copy shown at page 339 of the record and marked Plaintiff's Ex. #2. The principal sum of the note, as shown by appellant's records, consisted of the following items:

| | | |
|---|---|---:|
| (1) | Net cash to borrower | $40,000. |
| (2) | Other payoffs | 5,500. |
| (3) | Hazard Insurance (1st year) | 402. |
| (4) | Credit Life Insurance | 4,058. |
| (5) | Total charges paid by Peoples | 185. |
| | Total Principal | $50,145. |
| | | |
| (6) | Interest @ 5.41%, ten years | 27,128. |
| (7) | Hazard Insurance after first year—nine years | 3,135. |
| (8) | Legal Preparation and Credit Report | 12.50 |
| | | |
| | Total Face of Note | $80,421.55 |

*Note #2.* This note was executed by Booth and his wife to appellant on October 9, 1963 (a copy shown at p. 15 of the record) in the principal amount of $6,611.40, ''payable in 47 monthly installments of $137.73 each and one final installment of $138.09; *the first install-ment to become due and payable on or before the 9th day of October,* 1963 . . .'' (emphasis ours.) it will, of course, be noted that the first installment of $137.73 was due on the day the note was executed. This note was secured by a chattel mortgage on cattle owned by Booths.

On August 25, 1964 the Booths conveyed their interest in the real estate and the cattle to Carl Gregory Haggard and his wife—also appellees here.

On March 21, 1966 appellants filed suit against all the appellees to recover the balances due on the two notes and to foreclose said mortgages.

After an extended hearing (set forth in over 400 pages and numerous exhibits in the record) the trial court made comprehensive findings which, in pertinent part, are summarized below.

(a) The Haggards agreed with Booths to assume both debts.

(b) Appellees contend both notes are usurious.

(c) Interest must be calculated on the reducing principal basis.

(d) Note #1 is usurious because Booths did not authorize Hazard Insurance—shown as items (3) and (7) above mentioned.

(e) Note #2 is usurious because it requires the first payment to be made on the date of execution, and the proof does not show this was merely an honest mistake on the part of appellant.

From the above findings appellant, on appeal, contends the trial court erred in holding each of the notes usurious. For reasons hereafter discussed, we are compelled to agree with appellant in both instances.

*Note* #1. Due to the commendable frankness by both parties on oral argument the decisive issues here are limited largely to certain questions of fact.

Since the note does not show usury on its face, the burden was on appellees to show it was, in fact, usurious.

See: *Baxter* v. *Jackson,* 193 Ark. 996, 104 S.W. 2d 202; *Commercial Credit Plan* v. *Chandler,* 218 Ark. 966, 239 S.W. 2d 1009. Also, usury will not be presumed when the opposite conclusion can reasonably be reached. *Cammack* v. *Runyan Creamery,* 175 Ark. 601, 299 S.W. 1023; *Hill* v. *Jacobs,* 187 Ark. 1162, 60 S.W. 2d 564, and; *Brittain, Adm.* v. *McKim,* 204 Ark. 647, 164 S.W. 2d 435. In the *McKim* case we also pointed out that, to constitute usury, ". . . there must have been an intention on the part of the lender to take or receive more than the legal rate of interest".

In our opinion the appellees did not meet the burden of proving usury. It is not questioned by appellees that fire and windstorm insurance was a benefit to them or that it was not a proper requirement by appellant. The thrust of appellees' contention is that they did not know appellant required such insurance. However, this contention is completely nullified by the fact that Mr. Booth and his wife signed the mortgage (securing the note) which specifically required the insurance. This is the language used:

". . . said mortgagors hereby agree with the mortgages that they will keep the buildings on said land in good repair and constantly insured in some company satisfactory to said mortgagee for the sum of $40,000 . . ."

The mortgage also provided that if the mortgagees did not provide the required insurance, then appellant "is hereby authorized to do so . . ."

*Note #2.* Here, it is conceded that the note, on its face, is usurious. It is again pointed out that the first payment of $137.73 is shown (on the face of the note) to be due on the day it was executed. The evidence shows that such payment (along with the other required payment) constitutes usury. Therefore appellant tried to avoid the result of usury by showing the "date of payment" was entered as the result of an honest mis-

take and without any corrupt intent to exact interest in excess of the legal rate. This, appellant had a right to do. See: *Cox* v. *Darragh,* 227 Ark. 399, 299 S.W. 2d 193; *Brooks* v. *Burgess,* 228 Ark. 150, 306 S.W. 2d 104.

It is apparent from the record that the trial court, in holding the note usurious, felt it was limited to considering the face of the note. In its opinion the trial court said:

". . . plaintiff must stand or fall on note #2 as it is written, irrespective of plaintiff's mistake, inadvertent or otherwise, in drawing the instrument . ."

The record shows that appellant offered to introduce oral testimony and also certain office records to show the first payment due date was inserted by mistake. This should have been considered by the court. In *Sammons-Pennington Co.* v. *Harry H. Norton, et al,* 241 Ark. 341, 408 S.W. 2d 487, this Court said:

"It appears, that, in determining whether a usurious charge has been made, all attendant circumstances must be taken into consideration. When this is done, we think it is plain that the overcharge in the instant litigation was the result of error, made in good faith, rather than being based on an intent to violate the usury law . . ."

See also *Guaranty Financial Corp.* v. *James Harden, et ux,* 242 Ark. 779, 416 S.W. 2d 287, where we said:

"We think the chancellor fell into error in construing the promissory note all by itself, without regard to the building contract which was executed at the same time, as a part of the same transaction and which gave rise to the debt evidenced by the note."

It is therefore our conclusion that the decree of the trial court should be, and it is hereby, reversed, and the

cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.