Terry HUTCHERSON v. Hoyle WOOD and T. E. ADAIR

83-79                                    650 S.W.2d 229

Supreme Court of Arkansas
Opinion delivered May 9, 1983
[Rehearing denied May 31, 1983.]

*Robert G. Bridewell* of *Holloway & Bridewell,* for appellant.

*William E. Johnson,* for appellees.

FRANK HOLT, Justice. This is a usury case and is certified to us by the Court of Appeals pursuant to Rules of the Supreme Court and Court of Appeals, Rule 29 (1) (*l*). The transaction predates the recently enacted Amendment 60 to the Constitution of Arkansas (1874).

Three different instruments are involved in the transactions that ultimately gave rise to this action by the appellant Hutcherson to cancel the third instrument on the ground that it was usurious. The first instrument was an Oklahoma note executed by appellee Wood to appellee Adair in the amount of $20,000 with interest at 14% per annum. No contention is made that this instrument is invalid under Oklahoma law nor that Arkansas law applies to it. Subsequently, the appellant Hutcherson executed a promissory note in Arkansas in the amount of $30,000 to Wood with interest at 10% per annum. No contention is made that this instrument is usurious. The third instrument, which the appellant argues is usurious, was an assignment in Arkansas by Wood to Adair, signed by Hutcherson, of a portion of the $28,042.41 balance owed Wood by Hutcherson in an amount sufficient to retire the balance owed Adair by Wood on the $20,000 note. Wood had paid $6,029.77 on his note to Adair, leaving a balance of $13,970.23 owed with an interest rate of 14%. Hutcherson defaulted and later filed this action to cancel the assignment on the ground that it was usurious. Adair filed a cross-claim

against Wood and a counterclaim against Hutcherson alleging default.

The chancellor found the assignment not to be usurious and entered judgment in favor of Adair against Hutcherson and Wood jointly and severally. He found that the assignment stated the balance from Wood to Adair to be $13,970.23 carrying a valid 14% interest rate, and that Hutcherson's debt ($28,042.41) to Wood was considerably more than that amount at the time of the assignment. From the exhibits and testimony, he construed the assignment as not increasing Hutcherson's interest liability on his $30,000 note to Wood, but as merely directing a dollar figure to be paid Adair, for which Hutcherson could take credit on his valid 10% obligation to Wood.

The appellant argues that the assignment increased his interest liability on a portion of the note executed by him to Wood from a valid 10% to an illegal 14% and that the chancellor erred in finding the assignment not to be a usurious transaction. We have said on many occasions that an intention to charge a usurious rate of interest will never be presumed, imputed or inferred where the opposite result can fairly and reasonably be reached. *Pulpwood Suppliers* v. *Owens,* 268 Ark. 324, 597 S.W.2d 65 (1980); *McCoy Farms, Inc.* v. *J & M McKee,* 263 Ark. 20, 563 S.W.2d 409 (1978); *Key* v. *Worthen Bank & Trust Co.,* 260 Ark. 725, 543 S.W.2d 496 (1976); *Brown* v. *Central Ark. Prod. Cred.,* 256 Ark. 804, 510 S.W.2d 571 (1974); *Peoples Loan & Inv. Co.* v. *Booth,* 245 Ark. 146, 431 S.W.2d 472 (1968). Here, the conclusion that the transaction was non-usurious can be reached fairly and reasonably.

As the chancellor held, appellant Hutcherson's basic indebtedness to Wood on the Arkansas $30,000 note at 10% interest was not increased by the assignment and the assignment or transaction merely provided a dollar figure to be paid Adair by Hutcherson for which Hutcherson could take credit on his valid 10% obligation to Wood. It appears that in no event will Hutcherson be required to pay more on the Arkansas obligation than the unpaid principal plus 10%. Hutcherson, himself, testified that his underlying obliga-

tion was limited to 10% on the $30,000 Arkansas note to Wood and that he could not say that he owed more than 10% interest on the $30,000 note. This assignment did not infect the original or borrowing transaction with usury nor constitute a cloak for usury.

Affirmed.

HICKMAN, J., concurring, would affirm because of noncompliance with Rule 9, Rules of the Supreme Court and Court of Appeals.