### BAIRD V. MILLWOOD.

USURY: *Reserving interest in advance: Bonus paid agent of borrower.*

Reserving interest in advance at the highest lawful rate on money loaned for three months, does not constitute usury. Nor will such loan be made usurious by the fact that a broker who procures it for the borrower re-

Baird v. Millwood.

retains for his commissions a sum in addition to the interest reserved by the lender. *Vahlberg v. Keaton, ante*, 534.

APPEAL from *Garland* Circuit Court in Chancery.

J. B. WOOD, Judge.

*Geo. G. Latta*, for appellant.

1. The taking of interest in advance is not usurious. 8 Wheat., 338, 364; 87 Ill., 51. Nor is the taking a commission or brokerage by the agent of the borrower. 51 Iowa, 397; 26 Ark., 191; 25 Id., 195; 26 Id., 352; 18 Id., 463; 25 Id., 258; 21 N. Y., 531 to 539; 2 Tenn., 52; 1 Hilton, 532.

41 Ark., 331, sustains our position, pp. 337, 342-3.

HEMINGWAY, J.

This is a suit to foreclose a mortgage. The mortgagor answered, setting up usury in the mortgage debt. The court found that the mortgagee loaned two hundred dollars for three months, taking the note and mortgage sued on. That he reserved interest in advance, at ten per cent. per annum; that a broker, who procured the loan for the mortgagor, retained twelve dollars out of the sum for his services, and also the fees for acknowledging and recording the mortgage. Upon these facts the court declared the law to be that, the note was usurious and void, and rendered judgment for the mortgagor. As decided in the case of *Vahlberg v. Keaton, ante*, the lender could reserve the interest in advance; and commissions paid to the agent of the borrower, by the borrower, form no part of the sum paid for the use or forbearance of money.

The judgment will be reversed and the cause remanded, with instructions to render judgment for a foreclosure of the mortgage, and further proceedings in accordance with law.