CASTLEBERRY *v*. WEIL.

Opinion delivered March 15, 1920.

1. BILLS AND NOTES—PAYMENT BY INSTALLMENTS.—A note payable "ten months after date" with interest at the rate of 10 per cent., providing for "payments to be made $50 per month until paid" *held* to provide for such installment payments from date of execution, and not to give maker option of paying note in installments after expiration of the ten months.

2. USURY—DEDUCTION OF INTEREST.—Where a note calling for ten per cent. interest was payable ten months from date, but provided for payment of note in installments during the ten-months period, the withholding of interest for the full ten months constituted usury.

3. USURY—DEDUCTION OF INTEREST IN ADVANCE.—Deduction of interest at the highest rate on note payable in 20 months at time of execution renders the note usurious, under Kirby's Digest, section 5382.

4. USURY—INTENTION.—Where the lender's agent, acting within the scope of his authority and with the lender's knowledge, deducted in advance 10 per cent. interest on a $500 note payable in ten months in ten installments of $50 each, it was no defense that

at the time of making the contract nothing was said except that the lender was to receive interest at 10 per cent. and so instructed his agent.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

*Frank Strangways* and *Asa C. Gracie,* for appellants.

1. The note was an installment note payable for ten months from date and the withholding of 10 per cent. per annum for the full time was usurious.

2. The note was not commercial paper and not within the exception allowing 10 per cent. interest to be taken in advance; and,

3. Regardless of the fact that the note was apparently legal on its face, the original agreement to pay the loan back at the rate of $50 per month with 10 per cent. interest per annum deducted as interest in advance for the full ten months, makes the note void for usury. 86 Me. 517; 30 Atl. 110; 1 Cush. (Mass.) 16; 59 S. W. 467; 56 *Id.* 693; 107 Ga. 606; 60 Ark. 288; 62 *Id.* 92; 201 S. W. 286.

*Ben F. Reinberger* and *Mehaffy, Donham & Mehaffy,* for appellee.

There was no usury, as it was not the intention to charge or receive more than the lawful rate of interest. *Thomas* v. *Page,* Fed. Cases No. 13906; 51 Cal. 166; 66 Ga. 286; 11 Ill. 327; 13 Ind. 494; 5 Kan. 541; 129 Mass. 361.

WOOD, J. The appellee instituted this action against the appellant on a promissory note, which reads as follows:

"Little Rock, Ark., Oct. 15, 1915.

"Ten months after date, I, we, or either of us, promise to pay to the order of

*Ben B. Weil*

Five hundred............................................................no/100 Dollars, For value received, negotiable and payable, without de-

falcation or discount, at the.............................................................of
.............................., with interest from maturity at the rate of
ten per cent. per annum to *maturity*, and at the rate of ten
per cent. per annum from maturity until paid. The mak-
ers and indorsers of this note hereby severally waive pre-
sentment for payment, notice of nonpayment and protest.

"*Payments to be made $50.00 per month until paid.
Secured by a real estate mortgage in Pulaski County,
Arkansas.*

"C. E. Castleberry.
"Mrs. W. H. Trimm."

The defense was usury. The appellee introduced the
note.

Appellant, Castleberry, testified that he borrowed the
$500, evidenced by the note, through appellee's agent,
Reinberger; that he borrowed the sum of $700 at the
time represented by two notes; that one of the notes was
made payable in four months and the note in controversy
in ten months; that the understanding was that witness
was to pay ten per cent.; that he did not know at the time
that appellee was going to take out the interest in ad-
vance; that he expected to get $700 in cash; that he
thought that he was to pay the interest from maturity.
Witness was asked if he did not request the privilege of
paying it at $50 per month and answered the note was
made payable that way.

A mortgage was given to secure the note, which,
among other things, recites with reference to the notes as
follows: "Until paid at the rate of ten per cent. per
annum. Said note being signed by C. E. Castleberry and
Mrs. W. H. Trimm, and one note for the sum of two hun-
dred ($200) dollars of even date, herewith payable to
the order of the said Ben B. Weil, and to be due and pay-
able four months after date, and bearing interest from
maturity until paid at the rate of 10 per cent. per an-
num. That the said C. E. Castleberry shall have the
right to pay fifty ($50) dollars per month upon said
notes until the same are fully paid, both principal and
interest."

Castleberry further testified that, "The original agreement was that I was to pay $50 per month until paid on the note." Witness could have begun the payments of the $50 per month after maturity and paid it out long before he was sued. Witness had not paid the note.

The appellee in rebuttal testified that he purchased the note through his agent, Mr. Reinberger; that his only instructions to his agent were that the note should be good and bear ten per cent. per annum. Witness did not demand that the interest should be paid in advance. He instructed his agent that he was to receive ten per cent. per annum on the note, as shown by the notes. Witness had not made an alteration on the note nor had he authorized any one else to do so. Witness instructed his agent to be careful so that no claim could be made that compound interest was intended and to make all settlements so that witness was to receive ten per cent. per annum.

Another witness testified that he represented the appellants in negotiating the loan from Weil; that the interest charged on the note was ten per cent. per annum; that there was never anything said by any one either directly or indirectly agreeing to pay any more than ten per cent. Witness, acting for Castleberry, did not agree that more than ten per cent. per annum should be charged on the loan. Witness did not remember who wrote the note, but believed that it was C. E. Castleberry. The regular bank words were used in writing the note. "Ten months after date," and the amount "$500" were written in and signed by Castleberry and Mrs. Trimm. At a later time witness remembered the words "may, at his option, pay the note in installments of $50 per month." Witness did not remember whether this was written in before Castleberry got his money, but it was not on the note when witness first saw it. The note was signed by Castleberry in witness' office and was delivered by Castleberry to appellee's agent, Castleberry collecting the proceeds.

The cause was tried by the court sitting as a jury.

The appellant asked the court to make eight separate specific findings of fact, among them a finding to the effect (7) that the parties to the note intended the words "payments to be made $50 per month until paid" be a part of the note; (8) that the note in suit was discounted in advance at the rate of ten per cent. per annum for a period of ten months. Appellant also asked that the court make certain declarations of law to the effect that the note in suit is not commercial paper, but is a note payable ten months after date in installments of $50 per month, and that the collection of the interest in advance on the full amount of the note was therefore usurious.

The court refused the declarations of law and found generally the facts and the law in favor of the appellee.

The court, therefore, rendered a judgment in favor of the appellee for the amount of the note with interest at the rate of ten per cent. thereon from date. From which judgment is this appeal.

In the left hand corner of the note, which is the foundation of the action, written with ink, are the words "payments to be made $50 per month until paid. Secured by a real estate mortgage in Pulaski County, Arkansas."

The plaintiff (appellee) does not allege that these words were added to the note after the same was signed and he does not allege that the same were no part of the note nor does the testimony of the witness Braham show or tend to show that these words were not written on the note before the same was delivered to the appellee.

We conclude, therefore, that the note in controversy was a plain, negotiable promissory note payable ten months from date with interest at ten per cent. per annum from date, with payments to be made in installments of $50 per month. The withholding or deducting from the face of such note the highest legal rate of interest for the full ten months constituted usury. Because interest at the rate of ten per cent. on $500 payable in monthly installments of $50 per month would amount, for the full period of ten months, to the sum of $23.02, whereas, the

appellee, through his agent, charged and received the sum of $41.67. This was a fraction over 18 per cent. per annum on $500 payable in monthly installments of $50 each for a period of ten months.

The contention by the appellee that the words ".payments to be made $50 per month until paid" was a notation written after the note and mortgage were executed and that same were only for the purpose of giving Castleberry the option or privilege of paying off the note in installments after maturity, has no evidence to support it. In the absence of evidence to that effect or evidence showing that these words were a forgery, it must be held that these words were a part of the instrument. The note on its face shows that they are a part of it, and Castleberry testified that they were part of the note, and the testimony of appellee's agent who was instrumental in obtaining the note, shows that Castleberry prepared the note. Therefore, the testimony is undisputed and the conclusion irresistible that these words were a part of the note and expressed the manner in which the principal was to be paid.

But, if counsel for appellee were correct in his contention that these words were intended to give the appellant the option or privilege of paying the note in monthly installments after the same became due, still this could not rescue the appellee from the charge of usury, for if the appellant had the option of paying the note in installments of $50 each after the date named for the maturity of the note, this would in reality make the note payable in twenty months instead of ten months. If the note was payable in twenty months instead of ten, then the same would not be commercial paper and there would be no authority in the law for appellee to receive or discount interest upon such paper in advance. "A contract is usurious whereby interest is deducted at the time of making the loan if the loan is for a period of over twelve months." *Ellis* v. *Terrell,* 108 Ark. 69; section 5382, Kirby's Digest.

The appellee contends that the note was not usurious, because at no time during the making of the contract of sale was there anything said except that the appellee was to receive interest at the rate of 10 per cent. per annum and so instructed his agent Reinberger. But the appellee's contention is not tenable for the reason as we have shown that the note upon its face shows that it was payable in installments of $50 per month, and appellee's agent, before delivering the note to appellee, deducted in advance the full amount of the interest for the entire ten months and gave to the appellants the balance. He does not set up in his complaint or show in his testimony that there was any inadvertence or mistake on the part of his agent in taking the note in the form in which it was executed or in receiving the $41.67 interest in advance.

In *Galveston & H. Inv. Co.* v. *Grymes*, 50 S. W. 467-70, it is said, "Both parties intended the notes to be for the amounts named in them and knew how these amounts were obtained. In the sense that they believed the interest charge to be lawful they did not intend to violate the law, but they did intend to do just what they did, and that was a violation. Their mistake was simply as to legal effect." See, also, *Habach* v. *Johnson*, 132 Ark. 374, and cases there cited.

Reinberger in deducting the interest in advance from the $500 and paying the balance to the appellant was acting within the scope of his authority and appellee was bound by his act and intention. The undisputed circumstances show that the appellee knew what Castleberry had done. See *Jones* v. *Phillippe*, 135 Ark. 578-81.

The court erred in its findings and judgment. The judgment is, therefore, reversed and the cause will be dismissed.

McCULLOCH, C. J. (dissenting). The proper interpretation of the contract is that the makers of the note could not be compelled to pay until ten months after date, and that they should then have the privilege of paying in ten monthly installments. If there is any ambiguity,

the doubt should be resolved in favor of the legality of the contract. The contention of counsel for appellants is that the contract is usurious because the principal sum is payable in monthly installments from date, and interest on the whole sum was deducted in advance. This is not sound for the reason already stated, that according to the proper interpretation the monthly payments were not to begin until after the maturity date of the note. But the majority now hold that the reservation of interest for the period of ten months vitiated the contract for the reason that the privilege of payment in installments after the maturity date takes it out of the operation of the statute which authorizes the reservation in advance of the highest rate of interest for a period of not exceeding twelve months on "any commercial paper, mortgages or other securities." Kirby's Digest, § 5382.

This statute does not confine the authority to commercial paper, but extends it to "mortgages or other securities." In other words, it is lawful to reserve interest at the highest legal rate for twelve months on all obligations to pay money. It is not the character of the paper which determines the right to reserve interest, but it is the length of time for which interest is reserved, and it is expressly declared to be lawful to reserve interest in advance on all such obligations for a period not exceeding twelve months.

But, aside from this particular construction of the statute, the reservation of interest at the highest rate for a period not exceeding twelve months is not rendered unlawful by a further stipulation in the contract for an extension of time of payment beyond that limit. The thing sought to be prohibited by the statute is the reservation of interest for a period exceeding twelve months, and regardless of the time the obligation is to run before maturity, the contract is not rendered unlawful by the taking of interest in advance for a period not exceeding twelve months.

HUMPHREYS, J., joins in this dissent.