## VIRGIL R. COSS MORTGAGE COMPANY *v.* JORDAN.

### Opinion delivered November 3, 1924.

1. EQUITY—CONTROL OF COURT OVER DECREE.—As courts have complete power over their judgments during the term at which they are rendered, a court may set aside its decree at an adjourned day of the term, to permit the interposition of a defense.

2. USURY—EXCESSIVE INTEREST.—Where a loan for 10 years bore interest at 6 per cent. per annum, and commission notes were executed to the lender's agent as part of the same transaction, amounting to 4 per cent. interest additional for ten years, but was to be collected in four instead of ten years, the interest exceeded 10 per cent. for ten years, and the contract was usurious.

3. EVIDENCE—JUDICIAL NOTICE—LAWS OF SISTER STATE.—Judicial notice will be taken of the laws of Oklahoma, under which the penalty for usury is forfeiture of the interest contracted for and twice the amount of the interest paid.

Appeal from Drew Chancery Court; *E. G. Hammock*, Chancellor; reversed in part.

*W. D. Jones* and *James M. Golden*, for appellant.

The motion to set aside the judgment was insufficient, the same not being in conformity with the statute. It was not verified by affidavit, and the attempt to set up a meritorious defense, viz., a plea of usury, was too indefinite and uncertain. There must be at least a *prima facie* showing of a defense. C. & M. Dig. § 6292; 83 Ark. 17; 104 Ark. 449; 120 Ark. 255. A judgment will not be set aside for defendant's own lack of diligence. 93 Ark. 462; 122 Ark. 77; 114 Ark. 493. Nor for mere errors of law. 96 Ark. 504. The burden of proof is upon the party pleading usury to show clearly that the transaction is usurious. 24 A. L. R. 856 and cases cited. To establish usury there must be, first, a loan expressed or implied; second, an understanding between the parties that the money shall be returned; third, that a greater rate of interest than is allowed by law shall be paid or agreed to be paid; and, fourth, a corrupt intent to take more than the legal rate for the sum loaned. 12 Pac.

89; 76 Pac. 1st Ann. Cases, 418; 27 R. C. L. 268; 54 Ark. 566-569. See also, on the burden of proof, 158 Ark. 62; 105 Ark. 653; 159 Ark. 141; 135 Ark. 578; 57 Ark. 251; 83 Ark. 31, 36. To establish the plea of usury, it is essential that there was a loan or forbearance of money, and that for such forbearance there was an intent or an agreement to take unlawful interest, and that such unlawful interest was actually taken or reserved. Usury will not be imputed to the parties, and will not be inferred where the opposite conclusion can be reasonably and fairly reached. 97 Ark. 462; 54 Ark. 566; 67 Ark. 370; 68 Ark. 162: 74 Ark. 241; 83 Ark. 31; 87 Ark. 534; 153 Ark. 219. From the foregoing it is seen that it is the intention of the parties that controls. Even if it be held that the American Farm Mortgage Company was the agent of the appellant here, there is still no intent shown on the part of either to charge a greater rate of interest than ten per cent.: and if it should appear that a greater rate was actually charged, the borrower is amply protected by the provisions of the mortgage itself, by the terms of which he would be credited with any excess paid against any principal or interest remaining unpaid when the overcharge is discovered. 56 Ark. 340: 129 Ark. 167; 167 S. W. 362. Jordan, by agreement, made the American Farm Mortgage Company his agent for the procurement of the loan. Such being the case, a bonus or commission paid to the latter does not make the transaction usurious. · 105 Ark. 661; 51 Ark. 535. The court's decision in the case of *Bolt* v. *Kirby.* 57 Ark. 251, is a refutation of counsel's contention that the latter company was the agent of appellant in the procurement of this loan. This is an Oklahoma contract, and the laws of that State on the question of usury will control. 25 Ark. 53; Okla. Statutes §§ 5098; 195 Pac. 889; 59 Okla. 215; 39 Cyc. 899, 900; 15 N. Y. 986; 39 Cyc. 1054-1055.

*John Baxter, W. W. Grubbs* and *R. W. Wilson,* for appellee.

Courts have the right at any time, during the term, to vacate their judgments. 107 Ark. 415; 6 Ark. 100. It is conceded that the burden of proving usury is on the party pleading it, but that burden has been clearly discharged in this case. If, as we contend, the two mortgages and two sets of notes constitute one contract, the calculation made by the witness G. A. Franklin shows clearly that the loan is usurious. This calculation was made in accordance with the statute, C. & M. Digest, § 7368, and is the method approved by this court. 150 Ark. 612; 153 Ark. 219. The fact that both mortgages and all notes were made direct to appellant, regardless of other facts and circumstances, wholly eliminates the question of agency from this case. Appellant will be estopped from disclaiming its own contract in order to avoid the penalty thereof. 21 Corpus Juris. In order to render a contract usurious, it is not essential that there be a corrupt agreement to evade the statute and an intention on the part of both parties that usury shall be charged. 62 Ark. 370; 135 Ark. 578; 37 Minn. 441; 41 Ark. 339. The intent clause in the mortgage is a mere subterfuge, to allow which, as a defense to a plea of usury, would, in effect, strike down our usury laws.

*Williamson & Williamson, amici curiae.*

HUMPHREYS, J. This is a companion suit with the case of *B. F. Dupree* v. *Virgil R. Coss Mortgage Company, ante* p. 18, in so far as the issues are concerned. The instant suit was commenced by the lender instead of the borrower, as in the Dupree case, but there was a cross-bill filed by the borrowers, Marcus Jordan and Melvina Jordan, seeking to cancel all the notes and two mortgages executed by appellees to appellants on May 23, 1918. The notes and mortgages were executed contemporaneously, and consisted of a $600 note, payable in ten years, with interest at the rate of 6 per cent. per annum from date until paid, secured by a first mortgage on certain real estate in Drew County, Arkansas, the interest on the note being evidenced by eleven interest coupon notes

attached, the first being for $19.36, due 12-1-1918, nine others being for $36 each, due December 1 for the next nine years, and the last for $18, due 6-1-1928; also four commission notes for $60 each, due respectively on December 1, 1918, 1919, 1920, and 1921, secured by a second mortgage on the same real estate. All of the notes and both mortgages were made payable directly to appellant, but the understanding between appellant and the American Farm Mortgage Company was that the commission notes should be divided equally between them. The first commission note was paid by appellees, but default was made in the payment of the second and third, and, under a clause in the mortgage that all should become due upon failure to pay either, appellant brought this suit to foreclose the second mortgage for the three unpaid commission notes. The defense of usury was interposed to all the notes, and a cancellation of the notes and both mortgages was sought. This and the Dupree case were pending in different counties at the same time, and, by agreement, the testimony taken was to be used in each case.

The statement of facts in the Dupree case is therefore adopted as the statement of facts herein, as far as same is applicable.

On December 12, 1921, a decree was rendered in favor of appellant for $180 with interest, and the mortgaged lands were condemned to sale to satisfy the indebtedness. On an adjourned day of the same term of court the decree was set aside on motion of appellees, over the objection of appellant, and appellees were permitted to interpose the defense of usury and try out the issue. Appellant contends that the court committed reversible error in setting aside the decree. Not so, for courts of record have complete power over their judgments during the term at which same are rendered.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a finding that the contract was usurious, and a decree canceling the notes

and mortgages. From that decree an appeal has been duly prosecuted to this court.

The first question arising for determination on the appeal is whether the contract is usurious under the law of Arkansas. Treating the American Farm and Mortgage Company as the agent of appellant, as decided in the Dupree case, we think so. The principal note bore interest at the rate of 6 per cent. per annum for ten years, and the commission or bonus notes were a part of the same transaction, and amounted to 4 per cent. per annum additional interest on the principal notes for ten years. The bonus was made payable in one, two, three and four years after date. The effect of this arrangement was to collect 4 per cent. per annum in one, two, three and four years instead of distributing it over the ten-year period. This method of collecting the interest brings the contract within the rule of partial payments provided by § 7358 of Crawford & Moses' Digest. This was the method of calculation applied to a contract similar to this, to ascertain whether same was usurious, in the case of *Green* v. *Conservative Loan Company*, 153 Ark. 222. When calculated by this method, the interest contracted for was greatly in excess of 10 per cent. per annum. This court, however, ruled in the Dupree case that the parties therein contracted with reference to the Oklahoma law, and, as the facts in the two cases are alike, this case is ruled by the Dupree case. Under the Oklahoma law, of which the courts of this State take judicial knowledge, the penalty imposed upon usurious contracts is a forfeiture of the interest contracted for and twice the amount of any interest paid. The decree of the court was correct in so far as it canceled the commission notes and mortgages securing same, but was incorrect in canceling the principal note and mortgage. Instead of canceling the principal note and mortgage, a credit should have been given thereon for $120, double the amount of the bonus note which appellees paid.

On account of the error indicated the decree is reversed, in so far as it canceled the original $600 note

and mortgage, and the cause is remanded with directions to enter a credit of $120 on said note and mortgage. In other respects the decree is affirmed.

### DISSENTING OPINION.

HART, J.  Judge WOOD and myself agree with the majority opinion in so far as it holds that the contract in this case was usurious, but dissent from that part of it which holds that it was an Oklahoma contract.

The mortgage given by appellees to appellant contains the following: "It is agreed that the rate of interest herein reserved and charged shall not in any event exceed the maximum legal rate permitted by the laws of Arkansas."

Another clause of the mortgage provides that the promissory note which the mortgage is given to secure and the interest coupons shall be payable at Muskogee, Oklahoma, or such other place as the holder of such note may designate in writing.

As soon as the interest became due, the holder of the note directed, by letter, that it be paid through the American Farm Mortgage Company of Pine Bluff, Arkansas, within the next ten days. These facts clearly show that appellant intended that the contract was to be performed in this State, and it is therefore to be governed by the usury laws of the State of Arkansas. *Tallman* v. *Union Loan & Trust Co.*, 161 Ark. 614.