AMERICAN FARM MORTGAGE COMPANY *v.* INGRAHAM.

Opinion delivered June 27, 1927.

1. USURY—WHAT LAW GOVERNS.—Notes payable in Oklahoma and secured by mortgages on land in Arkansas are governed by the law of Oklahoma.

2. USURY—INTENT TO TAKE EXCESSIVE INTEREST.—In order to constitute usury there must be an intent knowingly to take excessive interest, proved by clear and satisfactory evidence.

3. USURY—WHEN LOAN NOT USURIOUS.—A loan governed by the laws of Oklahoma *held* not usurious where the total of the interest

and commission did not exceed 10 per cent. on the loan for the entire time.

4. USURY—INNOCENT PURCHASER OF NOTE.—Where notes for commission for obtaining a loan which were claimed to make the loan usurious were separate from the notes for the loan, and these notes for the loan bear lawful rate of interest, the purchase of the notes and mortgage by an innocent purchaser before maturity will not be affected by any taint of usury.

Appeal from Chicot Chancery Court; *E. G. Hammock*, Chancellor; reversed.

### STATEMENT BY THE COURT.

This suit was brought by appellants, American Farm Mortgage Company, a partnership, composed of H. D. Price and Guy V. Busenburg, against defendants, H. C. Ingraham *et al.*, to foreclose a mortgage on lands in Chicot County, given to secure the payment of the four notes sued on for $337.50 each, executed June 1, 1921, due on December 1, 1921 to 1924, inclusive, with interest from maturity at 10 per cent.

It was alleged that the notes contained an acceleration clause, all becoming due upon the failure to pay either, and that the mortgage was subject to the lien of a prior mortgage executed by the Ingrahams to the Virgil R. Coss Mortgage Company, of Muskogee, Oklahoma, which had been assigned by it to the Rutland Trust Company of Vermont.

The Ingraham answer admitted the execution of the notes and mortgage sought to be foreclosed, and, by cross-complaint, alleged that they and the first mortgage and the notes secured thereby given to the Virgil R. Coss Mortgage Company were all one transaction, and were usurious, being given to secure an indebtedness bearing a rate of interest in excess of 10 per cent., and prayed the cancellation of the mortgages.

The Rutland Trust Company adopted the answer of the American Farm Mortgage Company to the cross-complaint, and alleged that it was a *bona fide* purchaser of the $4,500 note and mortgage; denied that same was usurious; pleaded specially the provision in the mort-

gage that, if any excessive interest was charged, it was done inadvertently and should be credited on the debt.

Ingraham and wife filed a supplemental answer and cross-complaint, stating that, if the contract was held to be performed in Oklahoma and construed under its laws, they were entitled to a counter-claim or set-off against the claim of the plaintiff in twice the amount of the interest charged and collected, and alleged that the notes and mortgage all evidenced a contract to be performed in the State of Arkansas and construed by its laws.

The Rutland Trust Company filed a supplemental answer and cross-complaint, alleging that the appointment by the Ingrahams of the American Farm Mortgage Company for procuring the loan as their agent, the execution by Ingraham and wife, on the first day of June, 1921, to the Virgil R. Coss Mortgage Company, of Muskogee, Oklahoma, farm loan brokers, of the first mortgage on the lands to secure an indebtedness of $4,500, payable on June 1, 1931, with 7 per cent. interest, that Ingraham and wife also, on the first day of June, 1921, executed their two promissory notes for $2,000 each, payable June 1, 1931, and a third note of that date, payable at the same time, for $500, with interest coupons attached for 7 per cent. interest, "all of said notes being payable to the said Virgil R. Coss Mortgage Company, at its office in Muskogee, Oklahoma," and the American Farm Mortgage Company transmitted the notes and mortgage to the said Virgil R. Coss Mortgage Company and authorized it to negotiate a loan for Ingraham and wife as their agent; that the papers were presented to it at its office in Vermont, and it agreed with the Virgil R. Coss Mortgage Company to, and did, make the loan, and, on the 14th day of November, 1921, advanced the sum of $4,500 to said company, which was paid by the American Farm Mortgage Company to Ingraham, under the direction of Ingraham and wife, discharging the liens existing against their property. That the $4,500 was furnished in accordance with the agreement to take the loan made with the Virgil R. Coss Mortgage Company, as agent for Ingra-

ham, and that the mortgage and notes were then assigned to it by said Virgil R. Coss Mortgage Company. Denied that it purchased the notes and mortgage, and alleged that it made the loan direct to the Virgil R. Coss Mortgage Company for Ingraham and wife, without any knowledge of any commission charged by the American Farm Mortgage Company, or the Virgil R. Coss Mortgage Company; denied that either of said companies was its agent, it having only agreed with the Virgil R. Coss Mortgage Company to lend the money to Ingraham and wife; filed copies of the notes and mortgage; alleged the failure of the mortgagors to pay $162.81 taxes, and asked judgment for its debt and taxes and a foreclosure of the mortgage.

The assignment of the mortgage to the Rutland Trust Company was made December 5, 1921.

The Ingrahams denied the allegations of the cross-complaint of the Rutland Trust Company and that the money was loaned them by the Rutland Trust Company, and alleged that it was the purchaser of the mortgage from the Virgil R. Coss Mortgage Company, and estopped, and alleged again that the execution of the notes and mortgages was but one transaction, and was usurious.

The chancellor found that the Virgil R. Coss Mortgage Company made the $4,500 loan to the Ingrahams and paid for the same on the 3rd day of October, 1921, and sold the loan to the Rutland Trust Company in December of the same year; that the American Farm Mortgage Company was the agent of the Virgil R. Coss Mortgage Company in the making of the loan; that the notes and mortgages were executed at the same time for but one consideration, and constituted but one transaction, which was held to be usurious under the laws of Arkansas and Oklahoma, but that the contract was made to be performed in the State of Arkansas and must be governed by its laws; canceled the mortgages and notes as a cloud on the title of the Ingrahams; and from this decree the American Farm Mortgage Company and the Rutland Trust Company appealed.

*Robert A. Zebold* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*John Baxter, R. W. Wilson* and *W. W. Grubbs,* for appellee.

KIRBY, J., (after stating the facts).   While we think the preponderance of the testimony shows that the loan was, in fact, made by the Rutland Trust Company, at its offices in Vermont, under its agreement with the Virgil R. Coss Mortgage Company upon its presentation of the application and the papers there, it is undisputed that the principal notes for the $4,500 loan were payable to the Virgil R. Coss Mortgage Company, at its office in Muskogee, Oklahoma, and that they only bear 7 per cent. interest, which is not usurious either in Arkansas or Oklahoma, and that, if the whole transaction can be considered as but one, necessarily the place of performance of the principal contract, the payment of the notes, must be controlling so far as the application of the law is concerned, since such a contract is not usurious under the laws of that State.

It is expressly declared in the mortgages that there is no intention to exact usury, and if there is an excessive charge of interest it is made inadvertently and will be credited upon the indebtedness.   The testimony shows no intention to charge or take excessive interest for the use of the loan, unless it can be inferred from considering all the notes and mortgages one transaction.

This court has repeatedly held that, in order to constitute usury, there must be an intent knowingly to take excessive interest, proved by clear and satisfactory evidence.   *Gregory* v. *Buley,* 9 Ark. 22; *Jordan* v. *Mitchell,* 25 Ark. 258; *Citizens' Bank* v. *Smith,* 83 Ark. 31, 102 S. W. 697; *Jones* v. *Phillips,* 135 Ark. 578, 206 S. W. 40; and *Briant* v. *CarlLee Bros.,* 158 Ark. 62, 249 S. W. 577.

The parties will be presumed to have contracted with reference to the place of payment, where the obligation is valid under the laws of that jurisdiction, and, the notes being payable in Oklahoma, it must be held to be an Oklahoma contract, controlled by its laws.   *Dupree* v. *Virgil*

*R. Coss Mortgage Co.*, 167 Ark. 18, 267 S. W. 586, 1119; *Whitlock* v. *Cohn*, 77 Ark. 83, 80 S. W. 141; 39 Cyc. 891; 2 Wharton's Conflict of Laws, § 510D, and 39 Cyc. 899-902.

This case is ruled by the opinion in *Smith* v. *Brokaw, supra,* where it is held that, under the laws of Oklahoma, the rule for testing a contract for usury requires computing the interest for the entire time the loan has to run, if the contract is performed, and that, if the whole amount reserved or exacted as interest for use of the money, spreading the payments over the entire time of the contract, does not exceed a charge of 10 per cent. for the amount loaned, the contract or note is not usurious.

Since the amount reserved or exacted in this case, both for interest and commissions, regarding the whole transaction as one, does not exceed the 10 per cent. interest on the loan for the entire time, it is not usurious, and, even if the whole contract could be regarded as usurious under the laws of that State, the undisputed testimony shows the Rutland Trust Company an innocent purchaser of the principal note, bearing only 7 per cent. interest and the mortgage securing same, and its rights could be in no wise affected by any taint of usury in the entire transaction. *Boston Mutual Life Insurance Co.* v. *Newton, ante* p. 547.

It follows that the chancellor in holding otherwise erred, and the decree will be reversed and the cause remanded, with directions to enter judgment for the parties at interest for the amounts due them respectively, with foreclosure of the mortgages for payment thereof and priority of payment out of the proceeds realized from the sale of the lands of the claim of the Rutland Trust Company, under its first mortgage and the amount of the taxes paid by it, necessary to the protection of its lien, and for further proceedings according to the principles of equity and not inconsistent with this opinion. It is so ordered.