SIMPSON *v.* SMITH SAVINGS SOCIETY.

Opinion delivered January 21, 1929.

*Vivion O. Brack,* for appellant.

*Troy W. Lewis* and *Clayton Freeman,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in not holding the transaction usurious and void and rendering judgment accordingly.

The appellee society only deducted from the amount loaned on the $300 collateral note the discount of 10 per cent. for the year, as it had the right to do under our law, and the reservation of or discount of the paper for that sum did not constitute usury. Section 7353, C. & M. Digest; *Newport Bank* v. *Cook,* 60 Ark. 288, 30 S. W. 35, 29 L. R. A. 761, 46 Am. St. Rep. 171; *Vahlberg* v. *Keaton,* 51 Ark. 534, 11 S. W. 878; *Beard* v. *Millwood,* 51 Ark. 548, 11 S. W. 881.

*Castleberry* v. *Wild,* 142 Ark. 627, 219 S. W. 739, is not an authority to the contrary, the facts being different, and the 10 per cent. for an entire year having been deducted there from the face of the note, which was due in 10 months. Neither are the cases of *Dickinson-Reed-Randerson Co.* v. *Stroup,* 169 Ark. 277, 275 S. W. 520, and *Virgil R. Coss Mortgage Co.* v. *Jordan,* 167 Ark. 34, 267 S. W. 590, in point as authority against this holding.

The contract too provides that no unlawful interest is intended to be charged or paid, and although it is not necessary that there shall be a mutual agreement to give and receive unlawful interest to constitute usury, if it be actually "reserved, taken or secured, or agreed to be taken or reserved," there must be an intent to knowingly take unlawful interest to constitute usury. *Garvin* v. *Lennon,* 62 Ark. 370, 56 S. W. 781; *Scruggs* v.

*Scottish Mortgage Co.*, 54 Ark. 571, 16 S. W. 563; *American Farm Mortgage Co.* v. *Ingraham,* 174 Ark. 578, 297 S. W. 1039.

Usury will not be inferred where, from the circumstances, the opposite conclusion can be reasonably and fairly reached, and the defense should be established by clear and satisfactory evidence. *Leonard* v. *Floyd,* 68 Ark. 162, 56 S. W. 781; *First Natl. Bank* v. *Waddell,* 74 Ark. 242, 85 S. W. 417; *Citizens' Bank* v. *Murphy,* 83 Ark. 31, 102 S. W. 697; *Everett* v. *Hart,* 87 Ark. 534, 113 S. W. 213; *Briggs* v. *Steel,* 91 Ark. 458, 121 S. W. 754; *American Farm Mtg. Co.* v. *Ingraham, supra.*

The burden of proving usury in the transaction rests upon the party alleging or setting it up. *Holt* v. *Kirby,* 57 Ark. 251, 21 S. W. 432; *Citizens' Bank* v. *Murphy, supra;* 13 Clark, Ency. Evidence, page 390; *Hollan* v. *American Bank of Commerce & Trust Co.,* 159 Ark. 141, 252 S. W. 359.

The two contracts were separate and distinct, and if the one for the purchase of the investment certificate had been carried out according to its terms, the interest required on all the transactions, the investment certificate bearing 4 per cent. and agreed to be taken when matured in settlement of the money borrowed upon the collateral $300 note when it became due, would have reduced the amount of interest or discount on the loan below 10 per cent. instead of increasing it. *Reeve* v. *Ladies' Building Assn.,* 56 Ark. 316, 19 S. W. 917, Ann. Cases 1914C, p. 1307.

The note sued on was given for the payment of the purchase money of the investment certificate, and it makes no difference that the amount agreed to be paid was in 10 monthly installments, since the certificate was not matured until the end of 12 months, when the loan note was due, and neither was it the note upon which the money was loaned, but was given for purchasing an investment certificate to be used as collateral thereto.

There is a computation made in the brief showing the result of the whole transaction if the collateral note

given for the $300 borrowed should not be paid when due, but renewed for another 10 months, with the same interest rate with the matured investment certificate and interest, security therefor. The renewal note would be paid in 10 monthly installments, $300; the interest allowed on the certificate for 10 months, $10; interest on the renewal note meantime at 8 per cent., $11, showing $617 paid by the borrower, from which is deducted the amount of the collateral note and interest, leaving a net saving to Simpson, the investor, the certificate and interest amounting to $306. The investor only paid $41 for $300 for one year and 10 months, or 7.92 per cent. simple interest annually, and accumulated $306 for himself while doing so.

This transaction is analogous to the system pursued by building and loan associations in requiring borrowers to subscribe and pay for stock in the association in order to the making of the loans, which are made only to members of the association, and upheld as not usurious on that account. *Reeve* v. *Ladies' Bldg. Assn.*, 56 Ark. 316, 19 S. W. 917; *Taylor* v. *Van Buren B. Assn.*, 56 Ark. 321, 19 S. W. 918; *Black* v. *Thompkins*, 63 Ark. 502, 39 S. W. 553; *Farmers' Saving Assn.* v. *Ferguson*, 69 Ark. 352, 63 S. W. 797; *Bell* v. *Southern Home B. & L. Assn.*, 140 Ark. 371, 27 R. C. L. 210.

It has also been held that the exactment of a collateral advantage additional to the highest rate of interest allowed to be charged as a condition to the loan does not constitute usury, same being a separate and distinct charge from the amount agreed to be paid for the advancement of money. *Citizens' Bank* v. *Murphy, supra.* See also *Cockle* v. *Flac*, 93 U. S. 344, 23 U. S. (L. ed.) 949, and *Union Cent. Life Ins. Co.* v. *Hilliard*, 63 Ohio St. 478, 59 N. E. 230, 53 L. R. A. 462.

It is said in 27 R. C. L., § 31, page 230: "It is very generally held that the circumstance that the lender refused to make the loan unless the borrower would enter into another contract, which, apart from and un-

connected with the lending, would be fair and legal, does not render the agreement for the loan usurious."

We hold that the finding of the trial court in favor of appellee is supported by the testimony, and that the transaction was not usurious, and the judgment must be affirmed. It is so ordered.