Buford MARTIN, d/b/a MARTIN'S MOBILE
HOMES *v.* Lloyd MOORE

80-105                                             601 S.W. 2d 838
Supreme Court of Arkansas
Opinion delivered June 30, 1980

*Gardner & Steinsiek*, for appellant.

*Vincent E. Skillman, Jr.*, of *Skillman & Durrett*, for appellee.

GEORGE ROSE SMITH, Justice. Our Constitution, adopted in 1874, provides that all contracts for a greater rate of interest than 10% per annum shall be void as to principal and interest. Art. 19, § 13. The question here is whether the Constitution prohibits the practice, widely used in business transactions, of computing interest on the basis of a 360-day year. The Court of Appeals certified the case to us under Rule 29 (4). We have no hesitancy in holding, for practical, legal, and historical reasons, that the use of the 360-day year is lawful even when the interest rate is 10%.

In four separate transactions the appellant Martin sold mobile homes to the appellee Moore, to be paid for in monthly installments. Some ten years earlier Martin, on the advice of his banker, had obtained a printed chart giving the monthly payments at a 10% interest rate. Unknown to Martin, the chart was based upon a 360-day year, which means that the one-day interest factor is obtained by dividing the interest rate by 360 instead of by 365 or 366. Martin used the chart for ten years and used it in the four sales to Moore. In one, for example, the balance of $4,000, at 10% interest, was to be paid in 36 monthly installments. Martin, using the chart, selected $129.06 as the monthly payment.

When Martin brought this suit upon the four contracts, Moore interposed the defense of usury. The basic facts are stipulated. In addition, Martin testified that after the issue of usury was raised he was able to obtain, with much difficulty, a 365-day schedule of monthly payments. He amended his complaint to ask for judgment on that computation. The

chancellor found that Martin had acted in complete good faith, but the chancellor ruled that the contracts were usurious because Martin intended to collect interest at a rate which proved to be more than 10%.

We have not considered this precise question, perhaps because the 360-day year is so uniformly used in the commercial world that no one has thought to question it. In *Cagle* v. *Boyle Mortgage Co.*, 261 Ark. 437, 549 S.W. 2d 474 (1977), we mentioned the 360-day year, but there the interest was also compounded to produce an annual interest rate of 10.62%, which would have been usurious regardless of the 360-day year. A similar holding was made in *First American Nat. Bk.* v. *McClure Constr. Co.*, 265 Ark. 792, 581 S.W. 2d 500 (1979).

There is no problem when a contract provides only for annual payments. Annual payments of 10% interest upon a $1,000 debt are obviously $100. All the 360-day interest tables we have been able to find agree on that figure.

The difficulty, with the accompanying need for a standard month, arises when interest payments are to be made not annually but monthly, quarterly, or semiannually. One calendar month may be 28, 29, 30, or 31 days. Three months may be 89, 90, 91, or 92 days. The six months from January through June contain 181 days in an ordinary year, but the remaining six months contain 184 days. It becomes impossible to use what is known as exact-day interest in specifying equal monthly payments. Either the monthly payments must be unequal or a month of standard length must be used.

There is no doubt that simple interest can be computed in several different ways, as we noted in *Southland Mobile Home Corp.* v. *Webster*, 263 Ark. 100, 563 S.W. 2d 430 (1978). The four main possibilities are discussed in the Thorndike Encyclopedia of Banking and Financial Tables (1973), p. xiii:

> Simple interest may be computed by four different methods. Each gives a different answer. *Each is correct.* [Our italics.]
> They are known by the following:
> (1) Ordinary interest.

(2) Exact day interest.
(3) Bank interest, and
(4) Discount.

They differ in the number of days in the interest period and in the number of days assumed to be the basis year. The basis year is used to compute the interest for one day. [The equation for determining the interest factor is:]

One-day interest [equals] $\dfrac{\text{Interest Rate}}{\text{Basic Year}}$

*Ordinary interest* counts months and days in the interest period. The basis year is 360 days.

*Exact-day* interest counts each day in the interest period. The basis year is 365 or 366 days.

*Bank interest* counts each day in the interest period. The basis year is 360 days.

*Discount* [is the deduction of interest in advance].

It is explained in Lake's Monthly Installment and Interest Tables (6th ed., 1970), p. 643, that ordinary interest can be converted to exact-day interest by subtracting 1/73rd of the total ordinary interest. (Of course, the difference is 1/73rd because the 5 days disregarded in the 360-day year are 1/73rd of a 365-day year.) Thus we are concerned with a difference of 1/73rd between ordinary interest and exact-day interest. In the case at bar Moore would have paid a total of $646.16 in ordinary interest upon the $4,000 debt. Had exact-day interest been used the amount of interest would be reduced by $12.96, or 36 cents on each monthly payment of $129.06.

The commercial world adopted the 360-day year as a practical solution to the virtual impossibility of preparing a standard form of contract that would yield 10% interest on an exact-day basis when monthly payments are made. The 360-day year is used for all calculations, whether at 6%, 10%, or 12%; so the intent was not to avoid any usury law. A similar problem was solved when standard time was adopted to avoid the irregularities of solar time. There is nothing novel about striking a reasonable average as a practical means of reconciling erratic variables.

The framers of our Constitution, in 1874, certainly did not intend to adopt exact-day interest, with all its complications, as an inflexible rule. The General Assembly had already enacted, in 1838, a statute declaring that a 30-day month is to be used in the computation of interest. Ark. Stat. Ann. § 68-605 (Repl. 1979). By the great weight of authority, going back long before 1874, the courts have held that the use of a 360-day year does not result in usury. The cases are collected in an annotation in 35 A.L.R. 2d 842 (1954). A number of courts have specifically approved the use of Rowlett's Tables, which were based on a 30-day month and a 360-day year. At present, Lake's book, *supra*, which we have relied upon in several cases, uses a 360-day year and gives substantially the same monthly payment figure, $129.068, as the appellant used in this case. The Loan Payments Handbook (1974) gives the appellant's exact figure, $129.07. Since the problem is purely mathematical, any variation among the standard works would be surprising.

We find it impossible to believe that the reference in our Constitution to an interest rate of 10% per annum was intended to prohibit the already familiar device of a 30-day month and a 360-day year, especially in view of the severe penalty of a forfeiture of both principal and interest. Needless to say, we do not imply, by pointing out the slight difference of 1/73rd between ordinary interest and exact-day interest, that there is always a rule of *de minimis non curat lex* in usury cases. A lender cannot deliberately and expressly contract for 10.01% interest and then insist that the excess above the legal rate is too small to matter. We herely hold that reason, authority, and history all support our interpretation of the language in the Constitution of 1874.

Reversed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I respectfully dissent from the majority opinion. Ten per cent per annum means 10% per year. A year has 365 days, except for a leap year, and no amount of juggling or resorting to rhetoric can change the facts.