FAUSETT AND COMPANY, INC. *v.* G & P
REAL ESTATE, INC.

80-21                                           602 S.W. 2d 669
Supreme Court of Arkansas
Opinion delivered July 7, 1980
Rehearing denied August 25, 1980

482

*Wright, Lindsey & Jennings,* for appellant.

*John Haley* of Counsel and *Dennis L. James* and *Byron S. Southern of Southern & James,* for appellee.

JOHN I. PURTLE, Justice. Appellee sued on the grounds of usury to cancel two construction loans which had been arranged by appellant on two building lots in Pulaski County. The trial court upheld appellee's contention and voided both debts. We agree with the trial court that the loans were usurious because a rate in excess of 10% per annum was charged by appellant.

On appeal it is argued that appellee did not prove usury and that appellant was a broker rather than a lender.

G & P. Real Estate, Inc., appellee, arranged for loans in the amount of $41,600 for construction on lot number 250 and $42,800 for construction on lot number 274. The notes and mortgages were executed by appellee and payable to Fausett and Company, Inc., the appellant here. All the instruments indicated the loan was for a period of one year at

an interest rate of 9% per annum. At closing the appellant deducted a 1% service charge from each note and agreed to advance the balance at various periods during the year; therefore, the amount actually made available on each loan was 99%. Eventually appellant advanced $41,445, plus the $428 service charge, on lot 274. This was either $1,355 or $923 less than the face amount of the note, depending on whether or not the 1% service charge is deducted. The full amount of $41,600, including the 1% service charge, was advanced on lot 250.

As soon as appellee executed the notes and mortgages, the appellant assigned them to two separate banks. Simultaneous with the assignment of the notes and mortgages executed by appellee, the appellant agreed to pay more than 9% interest on the loans at the banks.

We first examine the argument that appellant was a broker and was entitled to a 1% fee for procuring the loan. Copies of the notes and mortgages are included in the record and reveal that appellant was the payee and mortgagee on both loans. We find no evidence that either bank was mentioned to the appellee during the time the application for the loan was pending or at the closing. Appellee's notes and mortgages were assigned to the banks as security for appellant's notes.

The evidence indicates that appellee dealt only with the appellant in conjunction with these two loans. The only payment made by appellee was for interest, and it was made to appellant. No payments have been made on the notes to the banks. After reviewing the facts in this case, we have no qualms in stating that appellant was the lender and was not acting as a broker at the time of these transactions.

We turn now to the more difficult task of determining whether the rate of interest actually amounts to more than 10% per annum. We have previously held that 1% service charge withheld by the lender is interest. *Ark. S&L Assn.* v. *Mack Trucks of Ark.*, 263 Ark. 264, 566 S.W. 2d 128 (1978); *Strickler* v. *State Auto Finance Co.*, 220 Ark. 565, 249 S.W. 2d

307 (1952). Therefore, for almost 30 years we have held such charges to be interest. The present factual situation is strickingly similar to those in *Ark. S&L Assn.* v. *Mack Trucks of Ark.* We must therefore hold that the 1% service charge withheld by the lender was interest in fact.

Neither loan is usurious on its face; therefore, we must examine the facts to make that determination. First, it is only a matter of simple mathematics to determine that a loan for one year, discounted at 1% with a full year's additional interest at 9%, is usurious. Appellee only received 99% of the proceeds of the loan on lot 274 and a little less on the loan for lot 250. However, the full amount of the loans was not advanced for the entire year.

The burden is upon the party claiming usury to prove it. *Davidson* v. *Comm. Cred. Equip. Corp.,* 255 Ark. 127, 499 S.W. 2d 68 (1973). We consider the facts at the time of the institution of the loan and in light of all attendant circumstances in order to determine whether the contract is usurious. *Hayes* v. *1st Natl. Bk. of Memphis, Tenn.,* 256 Ark. 328, 507 S.W. 2d 701 (1974). Clear and convincing evidence is required before a contract will be declared void on account of usury. *Peoples Loan & Inv. Co.* v. *Booth,* 245 Ark. 146, 431 S.W. 2d 472 (1968).

Appellant strongly relies on the case of *Bank of Newport* v. *Cook,* 60 Ark. 288, 30 S.W. 35 (1895). In *Bank of Newport* v. *Cook* it was simply held that the taking of the highest legal rate of interest in advance did not amount to usury. As far as we can determine, this case has never been specifically overruled. According to our calculations, the withholding of 10% of a one-year loan amounts to 11.11%. This is obviously more than the constitutional limitation of 10% per annum. We now overrule *Bank of Newport* v. *Cook,* 60 Ark. 288, as of the date this opinion becomes final. Hereafter, we will examine the record; and, if the withholding of interest at the beginning causes the interest rate to actually exceed 10% per annum, we will declare it usurious.

We agree with appellee that the factual situation here is almost identical with that in *Ark. S&L Assn.* v. *Mack Trucks of*

*Ark.,* supra. The testimony presented at the trial was not reduced to a set of tables or formulas as appears at pages 17 and 18 of appellee's brief; however, we think the testimony supports the calculations listed in appellee's brief. These tables exhibit the periof of the notes and the date of each disbursement as well as the 1% withheld on the front end. In order to clarify these calculations, we include the illustration from appellee's brief:

## Lot 274 Calculations
### Principal Amount — $41,445
### Period of the Note — 12/6/77 to 12/6/78

| Date Disbursed | Amount | No. of Days Until Note Is Due | Service Chg. & Interest at 9% | Interest at 10% |
|---|---|---|---|---|
| 12/28/77 | $9,717.48 | 343 | $821.86 | $913.18 |
| 12/28/77 SvcChg | | | 428.00 | |
| 5/9/78 | 16,227.52 | 211 | 844.28 | 938.08 |
| 6/19/78 | 4,000.00 | 170 | 167.67 | 186.30 |
| 7/13/78 | 9,500.00 | 146 | 342.00 | 380.00 |
| 8/9/78 | 2,000.00 | 119 | 58.68 | 65.21 |
| Total | $41,445.00 | | $2,662.49 | $2,482.77 |

Effective Interest Rate — 10.723869%

## Lot 250 Calculations
### Principal Amount — $41,600
### Period of Note — 7/5/77 to 7/5/78

| Date Disbursed | Amount | No. of Days Until Note Is Due | Service Chg. & Interest at 9% | Interest at 10% |
|---|---|---|---|---|
| 8/25/77 | $9,808.13 | 314 | $759.39 | $843.77 |
| 8/25/77 SvcChg | | | 416.00 | |
| 9/12/77 | 12,991.87 | 296 | 948.23 | 1,053.59 |
| 10/11/77 | 2,500.00 | 267 | 164.59 | 182.88 |
| 10/27/77 | 3,500.00 | 251 | 216.62 | 240.68 |
| 11/8/77 | 2,200.00 | 239 | 129.65 | 144.05 |
| 4/28/78 | 4,300.00 | 76 | 80.58 | 89.53 |
| 6/12/78 | 6,300.00 | 23 | 35.73 | 39.70 |
| Total | $41,600.00 | | $2,750.79 | $2,594.20 |

Effective Interest Rate — 10.6244%

There does not appear to be any disagreement between the parties that the dates and amounts set out in the tables are accurate. This being so, the interest rate for the loan on lot 274 amounted to 10.7238% and the interest rate on the note for lot 250 amounted to 10.6244% per annum. Therefore, we have no choice in the matter but to hold the notes void because they are usurious.

In figuring the date of the various advances on the loan pertaining to lot 250, we conclude that the advance on August 25, 1977, in the amount of $9,808.13 was for a period of 314 days and would have earned $759.39 interest at 9% per annum. We are unable to determine why appellant believes this amount was due in 278 days. The date of the loan was July 5, 1977, and the date of the disbursement was August 25, 1977. As we calculate it, the period of 51 days short of a 365-day year, or the money was lent for 314 days.

Although we try the case de novo, we affirm the chancellor's decree unless we find that it was not supported by a preponderance of the evidence. *Newberry* v. *McClaren,* 264 Ark. 735, 575 S.W. 2d 438 (1978).

Affirmed.

STROUD, J., concurs in the result.

JOHN F. STROUD, Justice, concurring. I concur with the decision of the trial court, but this court has ventured far from the path necessary to affirm that decision. The majority has by dictum reached out and overruled a line of cases dating back to 1895. In *Bank of Newport* v. *Cook,* 60 Ark. 288, 30 S.W. 35 (1895), this court held that reserving the highest legal rate of interest in advance on negotiable paper having 12 months to run is not usurious. That decision was reaffirmed 44 years later in *Simpson* v. *Smith Savings Society,* 178 Ark. 921, 12 S.W. 2d 890 (1929), where a 10% discount was reserved and deducted at the time the loan was extended and held not to constitute usury. In *Hickingbotham* v. *Industrial Finance Corp.,* 192 Ark. 429, 91 S.W. 2d 1023 (1936), a 10% deduction of in-

terest at the time the loan was made was again upheld as non-usurious on a one year obligation. The history of this particular type of financing was reviewed in *Bank of Newport* and the court noted that the custom of discounting arose in commercial transactions in England for the convenience of trade. The custom was clearly recognized in Arkansas at the time our present constitution was adopted and surely was not intended to be barred by the drafters of that document. In 1875, just a few months after the constitution was adopted, the General Assembly recognized the custom by adoption of an act which provided:

> It shall be lawful for all parties loaning money in this State to reserve or discount interest upon any commercial paper, mortgages, or other securities at any rate of interest agreed upon by the parties, said rate not to exceed ten per cent per annum.

It was not the intent of the legislature in 1875 to adopt a statute in direct violation of the usury provision of the constitution, nor was it the intent of this court in 1895, 1929 or 1936 to sustain a practice contrary to that constitutional limitation. It is true that the effective rate of simple interest in this type of discount exceeds 10% per annum and the majority indicates that in all future loans where the discount causes the rate of interest to exceed 10% the loan will be declared usurious. We held just last week in *Martin* v. *Moore,* 269 Ark. 375, 601 S.W. 2d 838 (1980), that a 360-day interest book did not void a loan for usury even though the effective interest rate as a result was in excess of 10% per annum.

Not only do I agree with this court's overruling the *Bank of Newport* case, I even more vigorously disapprove of doing so by dictum in a case where the discount was not for 10% but for only 1%, a clearly different set of facts.

FOGLEMAN, C.J., joins in this opinion.